FRANCES E. GRISSEN, RESPONDENT, *v.* RUTH L. SOUTH-
WORTH, AS EXECUTRIX OF MORTIMER M. SOUTHWORTH,
DECEASED, APPELLANT.

*Deposition — not taken by question and answer although so ordered — waiver of the
objection.*

Section 900 of the Code of Civil Procedure permits a direction to a commissioner,
appointed to take testimony by deposition out of the State, that he take the same
by question and answer.

The regular attorney of a party appeared before a commissioner, acting under a
commission or order which contained such a direction, when the testimony of
a foreign witness was given, and although the commissioner took only the sub-
stance of the evidence the attorney did not object.

Upon a motion subsequently made by him to suppress the deposition:

*Held,* that the failure of the commissioner to take the evidence by question and
answer was only an irregularity, which the attorney had waived by his failure to
object at the time the deposition was taken.

APPEAL by the defendant Ruth L. Southworth, as executrix of
Mortimer M. Southworth, deceased, from an order of the Supreme
Court, entered in the office of the clerk of the county of Niagara
on the 25th day of April, 1892, suppressing the deposition of a
witness, Mary Lyon, heretofore taken under a commission issued in
the action.

*Charles Hickey,* for the appellant.

*W. H. Ranson,* for the respondent.

PER CURIAM:

A motion in behalf of the defendant was made and granted for
the examination of the witness named, at Ovid in the State of
Michigan, upon oral questions to be administered under the direc-
tion of Byron V. Soule, a counselor at law, as commissioner. Such
examination was had and the testimony of the witness was properly
returned by the commissioner and filed with the county clerk of
Niagara county on the 30th day of March, 1892. On the 13th day
of April, 1892, the plaintiff served a notice of motion for the twenty-
second day of that month to suppress such commission, upon the
ground that the testimony of the witness was not taken by question
and answer, word for word, as is permitted by section 900 of the

Code of Civil Procedure and as was directed by the commission itself. This section of the Code directs, among other things, that the commissioner must "take down or cause to be taken down, * * * the substance of the witness's testimony; unless he is directed in the commission, or the order, or required by the person appearing for either party, to insert in the deposition any or all of the questions or answers word for word." The direction, in this instance, as contained in the commission was, that the testimony of this witness be taken by question and answer, word for word. In respect to a considerable portion of the testimony of the witness this direction was not observed; and, consequently, this motion to suppress the commission, being made within a reasonable time after the same was filed with the clerk, was properly granted, unless the irregularity was waived by the parties. It appears that, at the taking of the deposition, the plaintiff and defendant were respectively represented by counsel who conducted the examination. The counsel for the plaintiff is shown to have been employed not only for this special occasion, but that he was her general counsel, regularly employed. He, with knowledge of the manner in which the commissioner wrote the testimony, made no objection thereto, and hence, presumably, the commissioner acted with the consent and concurrence of both parties.

We are, accordingly, of the opinion that the omission to object to the course pursued by the commissioner was a waiver of the direction contained in the commission. In the absence of such direction or request, made at the taking of the deposition, the usual course to be pursued by the commissioner, contemplated by the statute, was to take the testimony in a narrative form. A failure to take it by question and answer, word for word, is an irregularity only, and may be waived by the parties by proceeding before the officer in a different manner than that provided by the commission.

It follows that the order appealed from should be reversed, and the motion denied, with costs.

Present — DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Order appealed from reversed, with ten dollars costs and disbursements of appeal, and the motion denied, with ten dollars costs.