(82 N. W. Rep. 741.)

---

STATE OF NORTH DAKOTA *vs*. BARNEY MURPHY.

Opinion filed April 26, 1900.

**Criminal Procedure—Continuance to Obtain Testimony of Non-Resident Witness.**

Where, after issue joined in a criminal action pending in the District Court, the defendant is desirous of obtaining the testimony of a non-resident witness in his own behalf, and where the defendant desires a postponement of the trial or a continuance of the action over the term, to obtain such testimony, it is incumbent upon him to apply to the court or judge, upon notice to the county attorney, for the issuance of a commission out of, and under the seal of, the court, to

take such testimony. Nor can an application for a continuance or postponement to take such non-resident testimony be granted except in connection with an application for a commission. The statute regulates the practice in such cases and its provisions must be substantially complied with. Rev. Codes 1895, § § 8385-8389.

### Continuance Properly Denied.

Facts stated in the opinion considered, and *held*, that defendant's application for a continuance in this case was properly denied.

### What Application for Continuance Must Show.

*Held*, further, that the foundation for the motion for a continuance was insufficient in substance.

### Error Without Prejudice.

*Held*, further, under the facts stated in the opinion, that a verbal error in the trial court's instructions to the jury did not, under the circumstances of this case, operate to defendant's prejudice.

Appeal from District Court, Barnes County; *Glaspell*, J.

Barney Murphy was convicted of robbery, and appeals.

Affirmed.

*Zuger & Paulson*, for appellant.

Upon the showing made in this case it was error for the court to deny the motion for a continuance. *Gandy* v. *State*, 43 N. W. Rep. 747; *Miller* v. *State*, 45 N. W. Rep. 451; *Newman* v. *State*, 35 N. W. Rep. 194. Any cause that would be considered a good one for postponement in a civil action is sufficient in a criminal action. § 8141, Rev. Codes. On proper showing a defendant is entitled to a continuance as matter of right. The word "may" as used in the statute means "must." *State* v. *Kent*, 4 N. D. 577, 62 N. W. Rep. 631. And this is especially true upon a first application. *Texas & Pac. Ry. Co.* v. *Yates*, 33 S. W. Rep. 291; *Cunnen* v. *State*, 22 S. E. Rep. 538; *Clark* v. *State*, 33 S. W. Rep. 224. The affidavit of the accused for the purposes of the motion is taken as true. *State* v. *Dakin*, 3 N. W. Rep. 411; *Hair* v. *State*, 16 N. W. Rep. 829; *Gandy* v. *State*, 43 N. W. Rep. 747; *Miller* v. *State*, 45 N. W. Rep. 451; *State* v. *Abshire*, 17 South. Rep. 141; *Barton* v. *McKay*, 54 N. W. Rep. 968. The state did not controvert the allegations of defendant's affidavit nor did the state admit as true what defendant claimed he could prove by his absent witnesses. Poverty of the defendant, who is under disability by reason of imprisonment, may suffice to excuse want of preparation for trial. *State* v. *Hogen*, 22 Kan. 490; *Newman* v. *State*, 35 N. W. Rep. 194. It is not necessary for a defendant to use diligence to procure witnesses until after indictment found. 4 Enc. Pl. & Pr. 856. The instructions of the court as to the date when the offense was committed were conflicting and prejudicial. 11 Enc. Pl. & Pr. 149; *State* v. *Keasling*, 74 Ia. 328, 38 N. W. Rep. 397.

*Edward Winterer*, State's Attorney, and *John F. Cowan*, Attorney General, for respondent.

The affidavits presented by appellant in support of his motion for continuance contain averments that defendant was in St. Louis county, Missouri, on September 14th, 1895, and previous and subsequent thereto. The date when defendant was accused of robbery in North Dakota was September 25th, 1895, eleven days later than the time set in these affidavits. The testimony òf the absent witnesses, if obtained, was immaterial to prove an alibi. An erroneous instruction is harmless when it appears from the instruction as a whole that the jury could not have been misled thereby. *Town* v. *Lumber Co.,* 39 Atl. Rep. 1019; *Gulf, etc. Ry. Co.* v. *Johnson,* 43 S. W. Rep. 583; *Peo.* v. *Boggs,* 20 Cal. 433; *Rock Island, etc.* v. *Krapp,* 50 N. E. Rep. 663. When the evidence fully sustains the verdict an erroneous instruction is harmless. *Evans* v. *Merritt,* 45 S. W. Rep. 212. Error in giving instructions will be disregarded when the verdict was clearly right under the evidence. *Davis* v. *Gilliam,* 44 Pac. Rep. 119; *Secor* v. *Oregon Imp. Co.,* 45 Pac. Rep. 654; *Rose* v. *Bradley,* 65 N. W. Rep. 509. Error is also without prejudice when it concerns a matter about which there was no contention. *Rawson* v. *Ellsworth,* 43 Pac. Rep. 934.

WALLIN, J. The defendant in this action was found guilty of the crime of robbery in the first degree, and was sentenced to a term of 25 years in the penitentiary at Bismarck. A motion for a new trial made in defendant's behalf was denied by the District Court, and the case is brought to this court for review.

Two errors are alleged as occurring at the trial: Counsel claim that the trial court erred in denying a motion to postpone the trial from the December term of the District Court, 1899, until the June term, 1900; and, secondly, contend that certain instructions given to the jury, and hereafter referred to, were erroneous and prejudicial to the substantial rights of the defendant.

The part of the record necessary to consider shows that the information against the defendant was filed by the state's attorney on December 11, 1899, and on that day defendant was arraigned. It then appeared that defendant was financially unable to employ counsel, whereupon one of the defendant's counsel in this court (A. P. Paulson, Esq.) was appointed by the District Court to defend the accused, as his attorney in this action. Defendant was given one day to plead to the information, and on the following day, December 12th was brought into court, and then entered a plea of not guilty, and was thereafter remanded to 'the custody of the sheriff. On December 15, 1899, the case was called for trial, whereupon a motion was made in defendant's behalf to postpone the trial until the next term of the court, which was to convene in June, 1900. This motion, as finally presented on the 16th of December, was made in writing, and was based upon certain affidavits and exhibits, which are as follows: First, defendant's own affidavit, which refers to another affidavit made by certain citizens of St. Louis county, Mo.,

. and a certain letter written by a justice of the peace who took the Missouri affidavits, and the affidavit of defendant's counsel, A. P. Paulson. Defendant's affidavit, after omitting formal and immaterial parts, is as follows: "Barney Murphy, being duly sworn, says that he is defendant in the above entitled action. * * * Affiant further states that he cannot safely go to trial in this action without the testimony of certain material witnesses, residing out of the state, and now residing in the State of Missouri, as follows: Walter Stebbins, Sidney Bickley, M. J. Murphy, W. M. Travis, H. J. Schmees, Wm. Wescott, Mr. Fox, K. H. Atkinson, J. A. Mitchell, and Stephen Petri, all of Maplewood, near the City of St. Louis, in the State of Missouri. Affiant further states that he expects to prove by said witnesses the fact that he was at or near Maplewood, in St. Louis county, Missouri, on the 25th day of September, 1895,—the time it is charged in the information herein that he committed said crime in the County of Barnes, N. D." After stating, in substance, that he wished to take the depositions of said witnesses, and that a postponement of the trial would be necessary to enable him to do so, the affidavit proceeds as follows: "In support of his allegations in this affidavit contained, affiant refers to and attaches the affidavit of said witnesses, taken before Eugene Hansman, notary public of St. Louis county, Mo., on November 27, 1899, and marked 'Exhibit A,' and a letter from said Eugene Hansman, dated at Maplewood, Mo., November 27, 1899, and addressed to Hans C. Stenshoel, marked 'Exhibit B.'" Exhibit A is an affidavit purporting to be made and signed on November 27, 1899, before Eugene Hansman, a notary public and justice of the peace of St. Louis county, Mo., by the persons named in defendant's affidavit. The material feature of Exhibit A read as follows: "(The affiants) who, being duly sworn upon their oaths, do state that upon the 14th day of September, A. D. 1895, one Barney Murphy was in the County of St. Louis and State of Missouri, and furthermore state that previous to September 14, and after September 14, 1895, he was in said county and state; * * * that the said Barney Murphy is one and the same person now incarcerated in the Valley City jail, North Dakota." The letter of Eugene Hansman, inclosing Exhibit A to the sheriff of Barnes county, embraces nothing pertinent to the question of the whereabouts of the defendant on September 25, 1895, and hence need not be further mentioned. The affidavit of defendant's counsel stated, in effect, that the defendant had informed him that he desired to take the depositions of said persons residing in Missouri, and that, for lack of time, said depositions could not be taken unless the trial was postponed until the next ensuing term, and that the said counsel was informed by the defendant that he could prove by said witnesses that the defendant was in the State of Missouri at the time of the alleged commission of the offense.

The question presented for determination is whether, under the circumstances of the case, and upon the showing made by defendant's

affidavits, it was prejudicial error to deny defendant's motion for a continuance of the case over the December term. Appellant's counsel cites in support of his contention section 8141, Rev. Codes 1895. This section authorizes a motion to postpone a trial in a criminal action, but it does not attempt to set forth the requisite grounds of any such motion, further than to declare that "any cause that would be considered a good one for a postponement in a civil action is sufficient in a criminal action whether urged by the state of by the defendant." Counsel have cited no provision of the Code, nor has the court found any, purporting to set out the requisites of an affidavit for a continuance to procure testimony in a civil action. The matter, not being regulated by statute, would be governed, therefore, by the settled rules of law applicable to applications for continuance in civil cases. It will be unnecessary, however, for reasons hereafter appearing, to examine the cases bearing upon the matter of an affidavit for a continuance in civil causes; and it will suffice to say here that it is now well settled that such affidavits must be explicit in their statements of the evidence and . facts expected to be proven by an absent witness, and that the same are strictly construed, and, so far as such an affidavit is equivocal or uncertain in its statements, all intendments are taken against such statements. See 4 Enc. Pl. & Prac. p. 877, and notes. In the case under consideration the affidavits filed as a basis for the motion for a continuance show that the defendant desired a continuance over the December term to enable the defendant to procure the depositions of a number of nonresident witnesses named in the defendant's affidavit, who then resided in the State of Missouri, and that defendant expected to prove by such depositions that the defendant was not in Barnes county at the time the offense was alleged to have been committed, but was in St. Louis county, Mo. These affidavits bring the case within the provisions of the Code of Criminal Procedure (sections 8385-8397). These sections are explicit in their provisions, and point out in detail what course a defendant is required to pursue in order to obtain the depositions of nonresident witnesses, where their testimony is desired by defendant for use at his trial. These statutory regulations have been wholly ignored by the accused in the case at bar. Sections 8386 and 8387 declare, in effect, that, where an issue of fact has been joined in a criminal action in the District Court, the defendant, upon a specified affidavit, may apply to a court or judge thereof for an order that a nonresident witness may be examined on a commission to be issued out of, and under the seal of, the court, and upon interrogatories to be annexed to the commission. Section 8388 provides that such application "must be upon three days' notice to the state's attorney." Under section 8389 the court or judge is required, "if he is satisfied of the truth of the facts stated in the affidavit, and that the examination of the witness is necessary to the attainment of justice," to make an order, not only that a commission be issued, but, further, to order that the trial be stayed, or that the

case be continued, to the end that the testimony sought may be obtained and returned to the court from whence the commission issues. It does not appear from the record that any application was ever made in defendant's behalf for a commission to examine said nonresident witnesses, or any witness; nor does it appear that the state's attorney was served with any notice that an application for a commission would be made by the defendant. In brief, it is apparent from the record that these statutory provisions, expressly made to regulate the taking of the testimony of nonresident witnesses, to be used by a defendant in a criminal case, were wholly ignored. The writer of this opinion is clear that the practice indicated by the statute, which carefully details what a defendant in a criminal action shall do in order to produce the testimony of a nonresident witness, was intended to exclude other means and methods of taking such testimony and returning the same; and it is equally apparent that a motion for a postponement of a trial for the sole purpose of obtaining the deposition of a nonresident witness for the defendant can only be granted where the motion is made as part and parcel of an application for a commission as stated in the statute. Nor does this holding militate against the right to apply for a postponement of a trial under section 8141, supra. There are many and diverse grounds upon which a continuance may be granted in a civil action, and such grounds, under section 8141, are sufficient in a criminal action, provided that the ground of the application is not that of obtaining the testimony of a nonresident, to be used in defendant's behalf in a criminal action. Postponements for such cause for excellent reasons—to prevent abuse and vexatious delays— have been made the subject of specific legislative regulation, and the writer holds that these must govern, to the exclusion of other and different applications for delays and postponements of trials, where the same are made on other grounds.

I might add here, although not strictly pertinent to the grounds upon which I place my ruling, that in my judgment the basis for the motion for a continuance was insufficient in matter of substance. If the defendant was in fact in St. Louis county, Mo., on the day the offense was charged to have been committed, that fact could and should have been stated in defendant's own affidavit filed with the motion. It was not so stated. Defendant contented himself with the averment that he expected to establish that decisive fact by the affidavit of certain nonresidents who were named by him in his affidavit, and whose affidavits were attached to, and made a part of, defendant's intended affidavit. But, when the affidavits of such nonresidents are scrutinized, it appears that they fail wholly to show an alibi. They do not state in terms, or by necessary intendment, that the defendant was in the State of Missouri on the day the offense is alleged to have been committed, viz: September 25, 1895. They simply declare, in effect, that the defendant was in St. Louis county, Mo., on the 14th, and before and after the 14th day of September, 1895. This may have been strictly true,

but, if true, it is not inconsistent with the fact alleged, viz: that the defendant was in Barnes county, N. D., and committed a robbery there, on September 25, 1895. Counsel urge in argument that the affidavits were framed prior to the appointment of Mr. Paulson as attorney for the defendant, and hence that the same should be liberally construed, as the handiwork of a layman. It nowhere appears that the affidavits in question were drawn without the aid or advice of an attorney, but that fact would be unavailing if it had appeared. The motion to continue was not finally submitted until the 16th day of December, 1899, which date was five days after the formal appointment of Mr. Paulson as defendant's attorney. In this interval another affidavit could have been framed, curing the original defect in defendant's affidavit, and the same could have been re-enforced by the oath of defendant's attorney, if the fact existed, that the defendant had informed him that he was in Missouri at the time the offense was charged to have been committed. As already stated, the writer's conclusion upon this assignment of error is not based wholly or chiefly upon defects in the defendant's affidavit. Nevertheless I do not hesitate to state that I deem the same not sufficient to show that the testimony of the Missouri witnesses was necessary "to the attainment of justice." If, as a matter of fact the defendant did not commit this crime, and if, as a matter of fact, he was in Missouri on the 25th day of September, 1895, he is certainly in a very unfortunate position. He has, however, wholly failed to show the facts necessary to his defense, and failed to properly apply for a continuance of his case. But, while these considerations may properly weigh in an application for executive clemency, they cannot, in the face of a verdict of guilty, furnish grounds upon which a court of review can disturb the verdict.

One other point remains for brief consideration. It appears that the trial court, in instructing the jury, by an obvious inadvertence, referred to the date of the commission of the offense charged as occurring on September 25, 1899, whereas the true date, as charged, was four years prior thereto, viz: September 25, 1895. This erroneous reference to the date of the offense was repeated in the charge, and it is likewise true that the court more than once in its instructions referred to such date correctly, viz: as being September 25, 1895. We have examined the record with care, and find that the same is replete with undisputed testimony to the effect that the robbery in question was done on the 25th day of September, 1895, the day alleged in the information, and there is no pretense that the same was done at any other date or time. The jury found defendant guilty as charged, and this also shows that they found that the defendant committed the act in the year 1895. Under all the circumstances of the case, it is perfectly obvious to us that the erroneous allusion to the date of the offense could not and did not operate to create confusion in the minds of the jury as to the time of the commission of the offense. It is true, as counsel urge, that the date of the commission of the offense charged is peculiarly

important in this case, for the reason that more than four years intervened after the alleged date of the crime and the date on which the information was filed in court. These dates, when considered together, would show that the statute of limitations had run in this case against the prosecution of the defendant for the offense charged. Rev. Codes 1895, § 7877. But the information embraced an averment to the effect that the defendant was out of the state for a period of "three years since the commission of the offense." If this last-mentioned averment was shown to be true by competent testimony, the action was not barred. The record shows, by evidence not disputed, that the defendant had been residing in the State of Missouri for some two or three years next preceding the date of filing the information. There was no evidence offered and no claim made, which appears of record, that the defendant had resided continuously in this state after September, 1895. No claim is made that he had not been a resident of the State of Missouri for several years preceding the date of the trial. Under all the circumstances of the case, we have no hesitation in saying that the erroneous reference to the date of the offense, as made by the trial judge, could not have operated either to confuse the jury or otherwise prejudice any substantial right of the accused. The judgment must be affirmed. All the judges concurring.

BARTHOLOMEW, C. J. I concur in the disposition of the case made by the opinion written by Justice WALLIN, but, upon the matter of the refusal of the continuance, I base my concurrence upon the insufficiency of the affidavit upon which the continuance was asked. That affidavit fails to state as a fact that the defendant was not in Barnes county, N. D., on the date the crime is alleged to have been committed, or that defendant was in the state of Missouri on that day. It states generally that defendant expects to prove by certain witnesses that he was in Missouri on that date. That is affiant's conclusion. The affidavit does not state to what facts the witnesses will testify, nor does it state that the matters to which they will testify are true, or that the matter which he expects to prove by them is true. Everything stated in the affidavit might be literally true, and yet justice not require a continuance.

YOUNG, J. I concur in the affirmance of the judgment, but limit my concurrence expressly to the insufficiency of the affidavit for continuance, in the particulars mentioned in the concurring opinion of BARTHOLOMEW, C. J.