(124 N. W. 79.)

---

### THE STATE OF NORTH DAKOTA v. C. H. STEVENS.

Opinion filed December 7, 1909.

**Constitutional Law — Right to Raise Constitutional Point.**

1. Under section 9368, Rev. Codes 1905, the state's attorney of Nelson county issued his subpoena requiring one L., a witness, to appear before him for the purpose of giving testimony relative to any violations of the prohibition laws. Pursuant thereto L. appeared and gave testimony, which was reduced to narative form and was subscribed and sworn to before the state's attorney. Such testimony tended to disclose that defendant had maintained a liquor nuisance, whereupon the state's attorney, pursuant to law, filed such testimony, together with his formal information, charging the defendant with the commission of such offense with a police magistrate who ieeued a warrant for defendant's arrest. A preliminary examination resulted in holding defendant to answer such charge in the district court, in which latter court he was convicted and sentenced accordingly. It is contended that such section 9368 attempts to confer judicial powers upon the state's attorney, and hence contravenes the provisions of section 85 of the Constitution of North Dakota.

*Held,* for reasons more fully stated in the opinion, that such question is not properly before us, as the witness L. does not, and defendant cannot, raise the same.

**Intoxicating Liquors — Deposition of Witnesses — Narrative Form.**

2. The testimony of the witness L. was taken in the form of a deposition, and the fact that it was in the narrative, and not by questions and answers, does not render the same ineffective.

**Criminal Law — Intoxicating Liquors — Sufficiency of Information on Preliminary Examination.**

3. The information filed with the committing magistrate examined and *held* sufficient to state an offense when tested by the liberal rule governing complaints before such magistrates, following State v. Barnes, 3 N. D. 131, 54 N. W. 541, which decision is held applicable and controlling in the case at bar.

**Criminal Law — Intoxicating Liquors — Sufficiency of Deposition as Foundation for Complaint.**

4. The deposition of the witness L. is held to be a substantial compliance with the statute, although, if considered as a complaint or information, it would be insufficient. Such deposition is no part of the information and whether it states or shows an offense is immaterial.

**Criminal Law — Sufficiency of Complaint — Continuing Offense — Time.**

5. The information under which defendant was convicted in the district court charged in effect that continuously between certain designated dates defendant kept and maintained a place (particularly describing it) where intoxicating liquors were continuously sold, bartered and given away, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, etc.

*Held,* that such information is sufficiently specific as to the time of the commission of the offense, as the same states that such nuisance was kept and maintained continuously on each of the intervening days between the dates mentioned.

**Criminal Law — Continuance — Sufficiency of Affidavit.**

6. The defendant's motion for a continuance was properly denied. The affidavit upon which such motion was based made no showing as to the probability of procuring the testimony of the absent witness in the event of a continuance; nor does it show or state that the facts sought to be proved by such witnese were true, nor defendant's inability to establish such facts by others.

**Criminal Law — Remarks of State's Attorney — Appeal and Error — Discretion.**

7. The state's attorney made certain remarks in his argument to the jury wherein he referred to the defendant as "one of the most arrogant, defiant, outspoken violators of the prohibtion law that I believe there is in the county of Nelson," and also containing the statement, "We have brought into this court upon this charge the

prince of blind piggers of Nelson county." *Held,* the evidence not being before us, that it cannot be said that the trial court abused its discretion in overruling defendant's objection to such remarks.

### Criminal Law — Reduction of Sentence on Appeal — Imprisonment for Time.

8. The judgment, in addition to providing for imprisonment in the county jail, imposed a fine and costs amounting to $587.95, and adjudges that in default of the payment thereof that defendant be imprisoned for the additional period of 294 days. This was erroneous. Under section 9379, Rev. Codes 1905, the limit of imprisonment for nonpayment of fine and costs is six months. Following State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, the judgment is modified accordingly.

Appeal from District Court, Nelson county; *Templeton,* J.

C. H. Stevens was convicted of maintaining a liquor nuisance, and he appeals.

Modified and affirmed.

*Frich & Kelly,* for appellant.

Failure to preserve and file testimony as the foundation for an information under the prohibition law is fatal to jurisdiction. Ex parte Doherty, 32 N. Brunsw. 479; State v. Braithwaite, 27 Pac. 731; People v. Chapman, 62 Mich. 280, 28 N. W. 896; People v. Brock, 31 N. W., 585; People v. Restell, 3 Hill, 289; 12 Cyc 310-11, and cases cited.

Setting the time of an offense "between the 1st day of October, 1908, and 22nd day of April, 1909," is insufficient. State v. Brown, 14 N. D. 529, 104 N. W. 1112; Storey v. Chandler, 15 Atl. 223; State v. O'Donnell, 17 Atl. 66; State v. Beaton, 9 Atl. 728; State v. Small, 14 Atl. 942; Wells v. Commowealth, 12 Gray. 326; 22 Cyc. 319, and cases cited; 23 Cyc. 227, and cases cited.

Incompetent and insufficient testimony taken as preliminary to a charge of offense, will not sustain an information. Royce v. Territory, 47 Pac. 1083; State v. Fellows, 1 N. C. 340; U. S. v. Farrington, 5 Fed. 343; State v. Cole, 47 S. W. 895; People v. Restenblatt, 1 Abb. Pr. 268; People v. Moore, 65 How. Pr. 177.

It is error for prosecuting attorney to express opinion as to accused's guilt, unless stated to be on the evidence. 12 Cyc. 580; People v. Quick, 25 N. W. 302; Reed v. State, 92 N. W. 321; Hardtke v. State, 30 N. W. 723; People v. Weber, 86 Pac. 671; Jones v. State, 51 S. E. 312.

*Andrew Miller,* Attorney General, *Alfred Zuger* and *C. L. Young,* Assistant Attorneys General, and *M. A. Shirley,* State's Attorney, for the State.

Ex parte depositions may be in narrative form. Weeks, The Law of Deposition, section 434; Pralus v. Pacific Gold, etc., Co., 35 Cal. 30; In re Thomas, 35 Fed. 822; Grissen v. Southworth, 64 Hun. 488.

Acts constituting different stages of an offense, although each is a distinct crime may be joined in one count. State v. John Nolan, 15 Rhode Island, 529, 10 Atl. 481; State v. Burns, 44 Conn. 149, 11 Enc. Pl. & Pr· 524; State v. Lang, 63 Me. 215; State v. Kerr, 3 N. D. 523, 58 N. W. 27.

Remarks of prosecutor, called forth by challenge of defendant, are not the subject of complaint. 2 Enc. of Pl. & Pr. 731; King v. Rea, 13 Col. 69.

Such remarks are largely regulated by the discretion of the court. 2 Enc. of Pl. & Pr. page 727; State v. Kennedy, 19 Tex. App. 618; 2 Enc. of Pl. and Pr. 752.

·Fisk, J. Appellant was convicted in the district court of Nelson county of the crime of keeping and maintaining a liquor nuisance in violation of the prohibition law, and from a judgment sentencing him to imprisonment for the period of ninety days, and adjudging that he pay a fine of $300 and the costs taxed at $287.95, and in default in the payment of such fine and costs that he be imprisoned for the additional period of one day for each $2 of such fine and costs, he has appealed to this court.

The assignments of error are five in number and are as follows: First. The court committed manifest error in overruling the defendant's motion to quash the information filed against him in the above-named court by the state's attorney of Nelson county, N. D. Second. The court erred in overruling the defendant's demurrer to the said information. Third. The court erred in denying and overruling the said defendant's motion for a postponement and continuace of the said trial upon the said information and in thereby compelling the said defendant to go to trial upon the accusation contained in said information at the July term of said court without allowing the said defendant time in which to procure the attendance of witnesses in his behalf and of making preparation for said trial. Fourth. The court erred in overruling the said defendant's objections to the remarks of the state's attor-

ney made in his arguments to the jury, and each of same, which remarks are made part of and included in the statement of the case. Fifth. The court erred in rendering and causing to be entered the judgment appealed from herein.

These assignments will be noticed in the order presented. For the purpose of laying a foundation for the institution of criminal proceedings against the appellant, the state's attorney, pursuant to the provisions of section 9368, Rev. Codes 1905, issued his subpœna to one Lee, commanding him to appear before him at a designated time and place then and there to testify concerning any violation of the so-called prohibition law; and such witness, after being duly sworn, testified as follows: "I am a resident of the city of Aneta in Neson county; was a resident for the last year past; I know the defendant, C. H. Stevens; I have seen him at his place of business; he conducted a hotel and has conducted a hotel in said city of Aneta for the last year past; the hotel he conducted is known as the Manhattan Hotel in said city. I have been at his place of business on several occasions between the 1st day of October, 1908, and the 22d day of April, 1909. At the time I was at his place of business I bought intoxicating liquor and drank it on said premises, and saw others drinking intoxicating liquors on said premises. The property I bought, saw sold, and drank on said premises is more fully described as follows, to wit: Beer." Such testimony was subscribed by the said witness and the usual jurat of the officer endorsed.

It is appellant's first contention that the statute aforesaid violates section 85 of the Constitution of this state because it attempts to confer upon an executive officer judicial, not administrative, duties and powers. The section under consideration in substance provides that whenever the state's attorney shall be cognizant of any violation of the prohibitory law he may issue his subpœna commanding the appearance before him of witnesses and shall take their testimony in the form of depositions, and that if such testimony shall disclose that an offense has been committed in violation of the prohibition law, he is required to file such deposition or depositions in some court of competent jurisdiction, together with his information charging the particular offense which is shown to have been committed. Thereupon a warrant shall issue for the arrest of the person accused.

We are not required to pass upon the constitutional question urged by appellant's counsel, for, conceding all that is claimed by them as to the unconstitutionality of this statute, we are agreed that appellant cannot urge such defense. The witness Lee no doubt might have done so had he desired, but, so far as the record discloses, he in no manner questions the authority of the state's attorney in the premises. He did not object to the giving of his deposition and in no manner challenges the validity of the statute. In so far as appellant is concerned, his legal rights are no different than they would have been if the witness Lee had voluntarily appeared before the state's attorney and made his affidavit embracing the facts stated in his deposition. The section aforesaid was borrowed from the state of Kansas, being section 8, chapter 149, page 241, Laws of 1885, of that state. Prior to its adoption here it had received a construction by the Kansas court. In the case of State v. Whisner, 35 Kan. 271, 10 Pac. 852, in speaking upon the point here under consideration, that court, through its chief justice, said: "An attempt is made to question the constitutionality of section 8 of said chapter 149, giving county attorneys power to subpoena and examine witnesses concerning violations of that act. From the record, however, this question is not before us for decision. None of the witnesses who were subpoenaed and examined before the county attorney of Linn county on July 13, 1885, concerning the violations of the provisions of the prohibitory liquor law by the defendant, are here complaining, and the defendant has no right to complain for them. He stands before the court in reference to such matter as if all the parties to the statements filed with the information had voluntarily appeared before the county attorney, and had made before him, at their own instance, the statements."

Under a familiar rule of statutory construction the adoption of the Kansas statute carried with it by implication the adoption of the construction previously given such statute by the court of last resort in that state; but aside from this, we are in full accord with the reasoning and conclusion of the Kansas court as above quoted. The case In re Sims, 54 Kan. 1, 37 Pac. 135, 25 L. R. A. 110, 45 Am. St. Rep. 261, cited and relied upon by appellant's counsel, is not in point. In that case the validity of the statute was questioned by the witness, not the defendant, and such statute was held unconstitutional so far as it attempts to confer on the public

prosecutor the power to commit witnesses for contempt for refusal to be sworn or to testify as provided in such section. As before stated the facts here .presented do not call for a consideration of this question.

It is next contended that the provisions of said statute were not complied with by the state's attorney in that the testimony of the witness Lee was not taken in the form of a deposition · but merely in narrative form and hence amounts to nothing more than an affidavit, and they argue that the committing magistrate therefore acquired no jurisdiction, and consequently that all subsequent proceedings are a nullity. Such contention is highly technical and wholly without merit. It is well settled that the testimony contained in depositions taken ex parte may ·be in narrative form. Weeks on Depositions, section 434; Pralus v. Pac. Gold, etc., Co., 35 Cal. 30; In re Thomas (D. C.) 35 Fed. 822; Grissen v. Southworth, 64 Hun. 488, 19 N. Y. Supp. 437. The statute in question does not contemplate that such depositions shall be taken on notice. The case of State v. Braithwaite, 3 Idaho (Hasb.) 119, 27 Pac. 731, particularly relied on by appellant's counsel, we do not deem in point. The .decision in that case is based upon a statute differing radically from any statute existing here, as an examination thereof will disclose. We think the same may be said of the other authorities cited. It is also urged in support of appellant's first assignment of errors that the information filed by the state's attorney before the police magistrate does not state an offense, and is not sufficient to authorize the issuance of a criminal warrant. The information, omitting formal parts, is as follows: "To the Hon. M. E. Sperry, Police Magistrate, in and for the City of Aneta, in Nelson county, North Dakota: It appearing to me, from testimony introduced at an examination held before me at my office, in the city of Aneta, in the county and state aforesaid, on the 22d day of July, 1909, that the defendant, C. H. Stevens, between the 1st day of October, 1908, and the 22d day of April, 1909, did commit a crime of keeping a common nuisance, committed as follows, to-wit: That at said time and place the said defendant, then and there being, did in said city and county and state as aforesaid, in a certain building known as the Manhattan Hotel, situate in said city of Aneta, maintain a place where intoxicating liquors were sold bartered and given away, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a

beverage, and where intoxicating liquors were kept for sale, barter, and delivery, contrary to the statute in such case made and provided, and against the peace and dignity of the state. Now, therefore, the undersigned state's attorney in and for said county, in and by the authority of the state of North Dakota, gives this court to understand and be informed that heretofore, to-wit, at the time and place aforesaid, and herein before set forth, the above-named C. H. Stevens did commit the crime of selling and keeping  for sale intoxicating liquors and for other unlawful purpose, the said C. H. Stevens did keep intoxicating liquors then and there. This contrary to the statute in such case made and provided, and against the peace and dignity of the state." Such information merely takes the place of a complaint ordinarily used in criminal cases before committing magistrates. In view of this its sufficiency will be tested by the same liberal rule adopted in this state for testing the sufficiency of such complaints. For a statement of such rule see State v. Barnes, 3 N. D. 131, 54 N. W. 541. The fact that such information was prepared by the public prosecuting officer should not, in our judgment, form any exception to the rule. There should be one uniform rule of practice governing the sufficiency of such preliminary pleadings. Tested by the rule announced in State v. Barnes, we entertain no doubt as to the sufficiency of the information. Nor do we think the objection that the same is duplicitous is well taken. State v. Lang, 63 Me. 215; State v. Nolan, 15 R. I. 529, 10 Atl. 481; State v. Burns, 44 Conn. 149; 11 Enc. Pl. & Pr. 524. The information, when considered as a whole, as it must be, is not vulnerable to either of the objections urged against it.

It is further contended by appellant's counsel that the state's attorney should be held to a strict compliance with all the statutory requirements in the institution of such cases, and that the affidavit of the witness Lee is insufficient upon which to base the subsequent proceedings. They then proceed to point out alleged defects in such affidavit. We shall not take the time necessary to notice these in detail. Suffice it to say that if considered as a complaint or information it would, no doubt, be lacking in several particulars. Such, however, is not its purpose, nor is it any part of the information upon which the defendant was prosecuted or held to the district court. It was a substantial compliance with the statute, and this is sufficient. As said by the Kansas court in con-

struing a like statute: "It makes no difference whether the affidavits filed with the information show an offense or not, for they are no part of the information."

Appellant's second assignment of error challenges the sufficiency of the information upon which appellant was tried and convicted in the district court. The objection is "that no time is stated when the alleged offense was committed." Such objection is not tenable. The charging part of the information is as follows: "That heretofore, to-wit: Between the 1st day of October, 1908, and the 22d day of April, 1909, continuously at the county of Nelson in said state of North Dakota, one C. H. Stevens * * * did commit continuously the crime of keeping and maintaining a common niusance, committed as follows, to-wit: That at said time and place the defendant * * * did keep and maintain a place, in a building known as the Manhattan Hotel situate in Block 13, in the original townsite of the city of Aneta in said county and state, where intoxicating liquors were continuously sold, bartered, and given away and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage and where intoxicating liquors were kept for sale, barter, and delivery in violation of chapter 65 of the Penal Code of North Dakota." It is clear from the language employed in such information that it is charged that a continuing liquor nuisance was kept and maintained by defendant during each day between the dates mentioned. This is sufficiently specific as to time, and it was not error to overrule defendant's demurrer to such information.

Assignment No. 3 challenges the correctness of the trial court's ruling in denying the defendant's motion for a continuance. There was no error in such ruling. The affidavit upon which such motion was based is wholly insufficient. It does not show that if such continuance had been granted the presence of the witness could probably have been procured; nor does it state that the matters sought to be proved by such witness are true, nor defendant's inability to prove them by other witnesses. State v. Murphy, 9 N. D. 175, 82 N. W. 738; 9 Cyc. 138 et seq., and notes; 4 Enc. of Pl. & Pr. 881, and cases cited.

The next assignment is predicated upon the ruling of the trial judge on defendant's objections to certain statements made by the state's attorney during the argument of the case to the jury, and

his failure to admonish the jury to disregard sucn statements. The remarks complained of (so far as noticed in appellant's brief) are the following: "Now, gentlemen of the jury, I want to state to you in conclusion, on the question of a search warrant, why, gentlemen of the jury, we didn't want a search warrant. In order that a search warrant can be issued out of this court there must be some person willing to make an affidavit that this beer and stuff is being drank, and that this place is being used as a common nuisance. They must make an affidavit. The state's attorney must get some person to make an affidavit, and that is a hard matter to do, I want to tell you, gentlemen of the jury. So there is nothing in that. The state's attorney, gentlemen of the jury, used his best judgment in this matter. He has prosecuted this case in good faith. He has attempted diligently and in accordance with his oath of office to bring to the bar of justice one of the most arrogant, defiant, outspoken violators of the prohibition law that I believe there is in the county of Nelson. And, gentlemen of the jury, when he was arrested and brought into this court to answer to this charge, I want to tell you that we have brought into this court upon this charge the prince of blind piggers of Nelson county."

The foregoing statement was evidently called forth by certain remarks of defendant's counsel and apparently in reply to a challenge from such counsel asking him to explain why a search warrant was not issued in the case. The evidence not being before us, we are unable to say that such remarks were not fully justified by the testimony in the case. Furthermore, it is well settled that trial courts are vested with a wide discretion in the matter of controlling arguments of counsel and we are not willing to say that the learned trial court abused such discretion in overruling the objection to the remarks complained of.

The last assignment of error challenges that portion of the judgment wherein it is adjudged that in default of the payment of the fine and costs amounting to $587.95 that defendant be imprisoned in the county jail for the further period of 294 days. In this, counsel are correct in their contention. Such provision, no doubt, was inserted in the judgment through an oversight. Rev. Codes 1905, section 9379, limits the imprisonment for nonpayment of fines and costs to a period not exceeding six months.

Under the authority of State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, the judgment is modified by reducing the additional im-

prisonment to the period of six months, and, as thus modified, the judgment appealed from is affirmed. All concur.