## POLLOCK v. JORDON et al.

(132 N. W. 1000.)

**Amendment of complaint — new cause of action.**

1. *Held*, that the amendment to plaintiff's complaint did not change the cause of action from a suit to recover damages for a preference granted by the insolvent prior to bankruptcy to his creditor to an action against said creditor for conversion.

**Continuance — surprise — amendment of pleadings.**

2. That such amendment during trial did not give defendant the right to a continuance on the ground of surprise occasioned by amendment of pleadings, in the absence of a showing of actual surprise and need of time for preparation to meet it. Where the pleading gives sufficient information of the evidence to be adduced, the allowance of an amendment to cure a defect which had been relied upon by the opposite party to defeat the pleading does not create "surprise," within the meaning of the rule as to continuances on the allowance of amendments to pleadings.

**Continuance — sufficiency of application for.**

3. A mere request or statement of inability to meet the issues presented by an amended complaint is not usually of itself sufficient application for continuance.

**Appeal — refusal of continuance — discretion.**

4. The granting or refusal of an application for a continuance, like a motion for leave to amend, is largely within the discretion of the trial court, and an order denying the same will not be reversed, unless it clearly appears there has been an abuse of such discretion.

**Opinion evidence as to value — competency of witness.**

5. Allowance of testimony touching value *held* proper, as upon sufficient foundation laid, and exceptions as to instructions of the court reviewed.

(Spalding, J., dissenting in part.)

Opinion filed October 2, 1911.

Appeal from District court, Cass county; *Pollock, J.*

Action by Robert M. Pollock, trustee in bankruptcy of Mossing Brothers & Company, against Walter B. Jordon and others, doing business under the firm name of W. B. & W. G. Jordon. From a judgment for plaintiff, defendants appeal.

Affirmed.

*Stambaugh & Fowler,* for appellants.

*Roberts M. Pollock* and *Geo. S. Grimes,* for respondent.

Goss, J. This is an action brought by the plaintiff as trustee in bankruptcy of Mossing Brothers & Company, to recover of the defendants the value of certain property transferred to them by said bankrupts when insolvent, and within the four-month period before the filing of the petition in bankruptcy by such insolvents. Plaintiff brings this action under § 60 of the Federal bankruptcy act of 1898 (act July 1, 1898, chap. 541, 30 Stat. at L. 562, U. S. Comp. Stat. 1901, p. 3445), as amended by the act of 1903 (act Feb. 5, 1903, chap. 487, § 13, 32 Stat. at L. 799, U. S. Comp. Stat. Supp. 1909, p. 1314), to recover the value of the goods given as a preference by the bankrupt to defendants, his creditors.

The original complaint was to recover the proceeds of the goods and book accounts assigned by the insolvents to the defendants, and received by them. On written notice and application for leave to amend the complaint, the plaintiff was permitted to amend the same so as to charge defendants with receiving and disposing of the goods and certain book accounts, upon which judgment was asked for damages for the value of such property. This amendment was made on two days' written notice, and allowed on the eve of trial (February 9, 1910), over defendants' objection "that it was an application to entirely change the nature of the plaintiff's cause of action from an action to recover a

preference to an action in conversion." This amendment was after an answer—a general denial—had been interposed. Upon the allowance of the amendment, counsel for the defendant requested a continuance of the case, stating that "we cannot prove the value of these goods, and are unprepared to try the new issue." This was denied, and the same is urged as error.

In reviewing these two rulings of the trial court, it is well to consider the previous progress of the case from its commencement. The action was placed upon the November, 1909, court calendar, with issue joined on the previous September 22d. On the call of the calendar for the November term, it was agreed that if the cause was triable to a jury, it should be passed to the next term, but if it was held to be a court case it was for trial in December following. Hearing was afforded counsel on December 23, 1909, on the question of whether the issue was one at law or in equity. Plaintiff had previously assumed that the action was for an accounting and an action in equity, while defendants contended for a trial by jury; the court holding with the defendants, and assigning it for jury trial. The case passed upon the calendar of jury causes of the January, 1910, term. Thereafter written notice of the proposed amendment was served by plaintiff on February 7th, and allowed on hearing February 9th, after the impaneling of a jury to try the case; all parties litigant being personally present. On notice two weeks prior, plaintiff had taken depositions of several witnesses on the value of the property. The authority of the court to allow the amendment is unquestioned. The classifying of the action as triable to a jury for damages caused plaintiff to amend, that he might "recover the property or its value" from the transferees. The preference was the gist of the action. The amendment only changed the measure of damages claimed as resulting therefrom. There was in reality no change in the matter to be litigated; the action had been begun to recover a preference, and after amendment remained an action for such recovery, and not an action in conversion, as contended by defendant in his objection.

In requesting a continuance, defendant does not urge a surprise by amendment; nor could he, in the face of the record, successfully so contend. The application to amend had been served, and he had permitted, without objection, the jury to be impaneled and sworn to try

the case. The amendment really raised no entirely new issue, nor one other than that for the trial of which he was before the court, supposedly prepared to try on the merits the issue of preference presented. The request was not a regular application for continuance.

The mere fact that defendants were unprepared to try the case was no ground for continuance, in the absence of a proper application therefor on showing made. Possibly defendants might never be in position to try this issue; but that would constitute no reason for indefinitely delaying its trial. And the record discloses that, after the overruling of the request, the parties actually tried the issue to the jury; defendant offering testimony from various witnesses on all questions involved, and resting his cause without further application for a continuance, having presumably offered all testimony ever obtainable, or that he desired to present for the jury's consideration. It does not appear, therefore, how the ruling complained of resulted to the prejudice of defendants, or that defendants were unduly precluded in their defense. This cannot constitute grounds for new trial because of surprise, as ordinary prudence could in any event have guarded against such ruling of the court operating to defendants' injury. See third subdivision of § 7063, Revised Codes 1905. It does not appear that the ruling of the court affected any of the substantial rights of the defendants, within the meaning of such section.

The following from 9 Cyc. p. 128, applies to the situation before us: "The keynote of the courts' decisions in this class of cases [referring to refusal to grant continuance on allowance of amendments] is the surprise occasioned the adverse party by the amendment as allowed; and, *in the absence of any showing to that effect, the application will be invariably denied.* And so, where the original pleadings are full enough to give reasonable premonition that the matter embraced in the amendment *exists as a fact, and is likely to be used on the trial,* a want of preparation by adverse counsel on the points of law applicable to it is no cause for a continuance on the ground of surprise." And, again, on page 129, same authority: "Surprise at the trial may and frequently does operate as a ground for continuance, unless the surprise is such as might have been obviated by the exercise of ordinary care and due diligence on the part of the party asking the continuance." And again, on page 134, same authority: "A continuance will ordinarily be de-

nied when the application is made after the trial has begun, especially where the applicant could have, by the exercise of reasonable diligence, prepared himself for its earlier presentation." The rule is also concisely stated as follows, in 4 Enc. Pl. & Pr. 837–839: "the modern rule . . . requires a showing of actual surprise on account of the amendment, and need of time for preparation to meet it, in order to entitle the opposite party to a continuance. Where a pleading gives sufficient information of the evidence to be adduced, the allowance of an amendment to cure a defect which had been relied upon by the opposite party to defeat the pleading does not create the kind of surprise contemplated by the statute."

The application in this instance is merely the statement of counsel, and is wholly unsupported by affidavit or any corroborative showing whatever. An application for continuance, made a day before trial and based on affidavits, should be disregarded, when the same recites on information and belief what an absent witness could testify to, where the grounds for such belief are not themselves disclosed; and a denial of an application for continuance based on such affidavits was proper. State v. Carroll, 13 N. D. 383, 101 N. W. 317, a prosecution under the bastardy statute. Even in a criminal action, the showing must be made by affidavit to permit a defendant to obtain a continuance. State v. Murphy, 9 N. D. 175, 82 N. W. 738.

An application for a continuance, like a motion for leave to amend, is largely within the discretion of the trial court, and an order denying the same will not be reversed, unless it clearly appears there has been an abuse of such discretion. 4 Enc. Pl. & Pr. 828–835; J. I. Case Threshing Mach. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82; Gaines v. White, 1 S. D. 434, 47 N. W. 524; and numerous cases cited in 10 Century Dig. cols. 2673 et seq. The application, if treated as such, is deficient in all requisites, including necessity therefor, previous diligence to obtain material testimony, existence of evidence desired and possibility of its procurement, or surprise by amendment of the adversary's pleading.

Defendant urges as error the admission of the testimony of several witnesses touching the value of the stock of goods sold to liquidate their demand against the insolvents. We conclude the testimony objected to was properly admitted. One of the witnesses had been a sales clerk

in the store in question for six months before defendants took possession. He testifies he was familiar with the stock, knew the quality and amount of such merchandise, knew the cost of the goods, and was able to compare the same with the prices obtained by the defendants while disposing of them, and that he remained in the store at times after defendants' agent took possession. The other witness, whose testimony is objected to on the grounds of his alleged disqualification to testify, examined the stock of merchandise at the request of Anderson, sales agent of the defendants, and says he looked it over carefully, and had a talk with one of the partners about it, and was acquainted with the value of the merchandise; that he had been clerking in that kind of business for a year; that he assisted defendants' agent on two or three evenings in selling these goods, and was in the store from time to time while they were being disposed of, and received instructions as to their disposal from the defendants' agent in charge; that he was familiar with the stock of goods when such agent took the same, and knew the quantity and character of the goods left unsold. We think sufficient foundation was laid upon which to receive the testimony offered as to value.

The last assignments relative to the charge of the jury eliminate from their consideration all matters excepting the value of the goods and accounts disposed of at the time by the defendants. Counsel contend that the court should have submitted to the jury the question of whether the defendants received goods, or whether they received money. To this we cannot agree. The undisputed testimony establishes that the defendants, and not the insolvents, disposed of the goods. The defendants employed their agent (Smedburg) in Minneapolis to come to North Dakota and take charge of the stock; they having another agent (Anderson, their traveling salesman) already in North Dakota, and familiar with the stock and the financial status of the then insolvent merchants. They furnished such agent expense money to come out, and he remained in defendants' employ, reporting sales to them. Their traveling salesman (Anderson) paid off the former employee, and procured from him the keys of the establishment, turning them over to Smedburg, whom both the company and Anderson had instructed to take charge and make the sales. Such agent remained in the conduct of the business until relieved by his employers, when he received the

balance due him for salary and expenses. Anderson, besides paying off the former employee, said the business had changed hands, and cautioned the employee not to tell anyone around town about it. W. B. Jordon, one of the defendants, testifies to the employment of his traveling man, Anderson; also his employment of Smedburg, and the advancing of expense money to him, and directing him to get his instructions from Anderson, their traveling man. Smedburg's testimony is to the same effect; and it is stipulated that Smedburg received from the sales of goods made by him, and his collection of book accounts during the employment, the total sum of $1,332, for which he regularly bought exchange of the local bank, and forwarded to his employers. Prior to defendants placing Smedburg in charge, their agent, Anderson, had attempted to sell the stock, and when asked about the title, said the Jordons would guarantee the title. The insolvents had ceased to exercise control over the stock. One of them went to Canada on the 14th of October previous to the bankruptcy proceedings November 14th following, and prior to the time of Smedburg's taking possession of the stock on or about October 28th. The reason defendants took control was to collect an indebtedness owing them by the insolvents, amounting to $3,500, of which $1,450 was unsecured. Under the evidence we conclude that the question submitted to the jury as to the value of the goods disposed of by defendants was proper, as a finding that the insolvents, and not the defendants, had disposed of the goods, could not be sustained, being contrary to the evidence in the case.

The judgment of the trial court is accordingly affirmed.

SPALDING, J. (specially concurring.) I concur in affirming the judgment in this case, but I do so solely upon the ground that no sufficient showing was made by the defendants on their application for a continuance. They failed to show that they were surprised by the application, or that a continuance was necessary to enable them to procure evidence to meet the new issues raised by the amended complaint, or that witnesses on the subject could be procured. I cannot concur, however, in any statements in the opinion of my associate indicating that there was no material change in the issues made by the amended pleading. The original complaint had asked as damages the amount received by the defendants for the stock of goods sold; the amended complaint

asked for the value of such goods. The amendment required a wider range of evidence than the original complaint; in fact, the recovery on the amended complaint was nearly $1,000 more than the original complaint would have supported. The defendants might have been fully prepared to defend as to the amount received, yet wholly unprepared to show the value. The quotation from 4 Enc. Pl. & Pr. 837–839, is unquestionably law; but it has no bearing upon this case. The defect referred to in that quotation is not a defect in substance, or a defect arising from an omission to allege any of the facts necessary to support the recovery. It only applies to an imperfect or incomplete statement of facts.

In the case at bar, had the plaintiff attempted to plead the facts relating to the value, and had done so imperfectly, unquestionably he would have been entitled to amend by perfecting his statement of such facts; but the defect in this case consists in an entire omission to state any legal subject for recovery. There was nothing to amend by, and, as I have said, the amendment allowed was one which might have required a much broader line of proof. This would have entitled the defendant to a continuance to meet the new allegations, had be made a proper showing of surprise and unpreparedness by reason of the change. This showing he failed to make.