[File No. 6593.]

## IN THE MATTER OF THE ESTATE OF MARY MAHER SMITH, Deceased.

J. WALLACE MAHER, Appellant, v. CLINTON SMITH, Howard Maher, Josephine Maher Cowley, Evangeline Maher Robertson, Olga Swenson, Lena Boettcher, The Maher Corporation, Evangeline Robertson, a Minor, and Evangeline Maher Robertson, as Special Guardian of Said Minor, Respondents.

(288 N. W. 235.)

438

Opinion filed October 6, 1939.

*Francis Murphy,* for appellant.

*Traynor & Traynor* and *S. W. Thompson,* for respondents.

NUESSLE, Ch. J.   This is a will contest.   The facts pertinent on this appeal may be stated as follows:

Mary Maher Smith, whose will is the subject of the controversy, died May 11, 1937.   On May 18, 1937, her husband, the respondent Clinton Smith, petitioned the county court of Ramsey county to admit her will, dated January 9, 1937, to probate.   On June 2, 1937, the appellant, J. Wallace Maher, Mrs. Smith's brother, contested the will on the ground that the same was not executed in the manner required by law and that decedent was incompetent to execute a will and executed the same under duress, menace, fraud and undue influence. Appellant also filed a cross-petition, praying leave to probate an alleged holographic will, dated September 27, 1936.   Respondents answered the cross-petition, denied the execution of the latter will and alleged the same was obtained through duress, menace, fraud and undue influence. Trial was had in the county court on all the issues thus made.   Voluminous testimony was taken on behalf of both sides.   On July 29, 1937, the county court entered a decree dismissing appellant's contest and cross-petition and admitting the will of January 9 to probate.

Thereupon appellant appealed to the district court of Ramsey county.

The regular November, 1937, term of the district court for Ramsey county, the Honorable W. J. Kneeshaw, presiding, was set to convene on November 8, 1937. The appeal from the county court was on the calendar for trial at this term. On October 30, appellant gave notice of the taking of depositions of numerous witnesses in Minneapolis and of Dr. Pearson in Miami, Florida. Thereupon respondents applied to the Honorable C. W. Buttz, one of the judges of the district court for Ramsey county, for an order to suppress the taking of these depositions because the notice for the taking thereof was not timely, in that the said depositions, considering the places where the same were to be taken, could not reasonably be taken and returned for use in the cause when reached in its regular order on the November calendar. Judge Buttz heard and considered the matter, both sides appearing, and held that the objections of respondents were good as to the taking of the deposition in Florida, but that the depositions noticed to be taken in Minneapolis might reasonably be taken at the time appointed and an order was entered accordingly. Thereafter, on November 6, appellant filed an affidavit of prejudice against Judge Kneeshaw, and the Honorable George M. McKenna, one of the judges of the third judicial district, was designated to preside in his place and stead. Judge McKenna was unable to attend at the time the case was regularly reached and it was continued until November 17, and then later until November 22, and the jury were excused until that time. In the meantime, and on November 4, the depositions noticed to be taken in Minneapolis were taken, but the same were not at once returned because of appellant's failure to pay the notary fees, and respondents in order to have the depositions in time for the trial on November 22, were compelled to and did pay the charges therefor.

On November 10, appellant gave notice of a motion for a continuance over the term on account of the absence of Dr. Pearson, the witness in Miami. This motion was made returnable on November 22. Counsel for respondents at once, upon being served with notice thereof, informed appellant that the motion would be resisted but offered to cooperate in the taking of Dr. Pearson's deposition so that the same might be taken and returned in time for the trial on November 22. Appellant, however, made no move to enter into an arrangement whereby the

deposition might be thus taken. On November 18, appellant went to Minneapolis and entered a rest hospital. Because of other business, Judge McKenna continued the case until November 26, 1937. On that day it was called and appellant's counsel then moved for a continuance over the term on the ground that appellant was ill and unable to attend the trial. The motion to continue on account of the absence of the witness Dr. Pearson was abandoned. The motion for continuance was presented on the showing thus made. The court denied the motion to continue over the term but granted a continuance to December 15, 1937, and the jury were again excused. Respondents then moved the court for an order requiring appellant, who was in a hospital in Minneapolis, to submit to an examination by physicians to be chosen by respondents. This motion was granted and an examination was made of appellant on December 10. On December 15, the date to which the case had been theretofore continued, the matter was again considered by the court, appellant asking for a continuance, respondents opposing. The affidavits of the physicians for appellant and of the examining doctors designated by respondents, were presented to the court by counsel in behalf of their respective contentions. After argument of counsel and consideration of the showings made, the court denied the motion. The case was then set down for trial on January 18, 1938, and the jury were again excused until that date.

On January 18, appellant's counsel made a further motion for a continuance over the term on the ground of the illness of appellant, and presented affidavits in support of his motion, setting forth that appellant was a necessary and material witness and his attendance was required at the trial of the case, not only as a witness but also to advise and counsel with his attorney, and that he was unable to be present on account of illness; that he was then absent in the West Indies on a sea voyage, necessary and taken for the benefit of his health. This motion was resisted and a counter showing was made. At this time, counsel for respondents further offered to permit the testimony of appellant taken at the trial of the contest in county court, and consisting of some one hundred typewritten pages, to be used on the trial in lieu of the personal appearance of appellant.

It further appears from the record that for some time prior to the death of Mrs. Smith, appellant lived at Devils Lake; that he continued

to abide there until in November, 1937 when he entered the rest hospital. According to the showing made in support of the motion for continuance on December 15, appellant was so incapacitated that he would be unable to leave the hospital where he was confined within the next sixty days. But it appears without denial that within a few days after the continuance was granted he left the hospital, returned to his hotel, and thereafter attended to business affairs in Minneapolis until just a few days prior to January 18, the time the case was set for trial. Then he departed by airplane for New York, whence he left for a sea voyage in the West Indies. There is also in the record the affidavit of the respondent Smith, alleging that appellant, speaking with respect to the case, had stated that he would resort to every means to delay it and make it cost respondent just as much as he possibly could to carry the probate proceeding through. The allegations of this affidavit are wholly undenied.

After a consideration of the showings made the court overruled the motion and required the case to go to trial. A jury was impanelled. Respondents offered evidence in support of their case. Appellant made no appearance. At the direction of the court the jury returned a verdict in respondents' favor, sustaining the proffered will. Judgment was entered on this verdict on January 28, 1938.

On July 14, 1938, appellant moved to vacate and set aside the verdict and judgment entered thereon and for a new trial on the ground that the court had erred in denying his motion for a continuance. The motion for a new trial was supported by affidavits setting forth and amplifying the grounds urged in the motion of January 18. The court denied the motion. Thereupon appellant perfected the instant appeal from the judgment and from the order denying his motion for a new trial.

The only question on this appeal is as to whether there was error on the part of the trial court in denying appellant's motion for a continuance on January 18, 1938.

Trial courts are clothed with a wide discretion in the matter of granting and denying motions for continuance, and it is only where there is an abuse of that discretion that an order denying such a motion will be disturbed on appeal. Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Pollock v. Jordan, 22 N. D. 132, 132 N. W. 1000, Ann. Cas.

1914A, 1264; Saastad v. Okeson, 16 S. D. 377, 92 N. W. 1072. In the instant case, the grounds of the motion were that appellant was ill and unable to attend at the time and the place of trial; that he was a necessary and material witness and that his presence at the trial was also essential to counsel and advise with his attorney. "The illness of a party is not ipso facto a cause for continuance of the case; but where a party's presence at the trial is indispensable and the character of his illness is such as to render his presence at the trial impossible, a continuance should be granted, if it appears that he has been guilty of no negligence, and that the sickness is not the result of an act voluntarily done for the purpose of affecting the trial." 13 C. J. 141. The trial court must, of course, pass upon the questions as to whether or not the fact of illness is established and where, as in the instant case, there is a square conflict in the evidence, his determination is presumed to be correct. Ausley v. Cummings, 145 Ga. 750, 89 S. E. 1071; Fletcher v. Collins, 111 Ga. 253, 36 S. E. 646. He also must pass upon the question as to whether a moving party has acted with diligence and in good faith. 12 Am. Jur. 473, Continuances, § 32. In passing upon these questions he may take into consideration not only the showings made by the parties at the time of the motion, but also such facts and circumstances in connection with the case as may have come to his knowledge during the course of the whole proceeding.

The record of the proceedings in the instant case, as heretofore set out, leading up to the making of the motion for a new trial, rather plainly speaks for itself. Appellant was a witness in the county court. The grounds of contest that were there tried are the same grounds that were relied upon in the district court. He testified at length concerning them. When the decree of the county court went against him, he appealed. This appeal was perfected in August. The case was set down for trial at the November term. Just before the beginning of that term he gave notice of the taking of depositions of distant witnesses. If their testimony were necessary he must have been long cognizant of that fact. When the depositions of the Minneapolis witnesses were taken he was dilatory in having them sent forward. He filed an affidavit of prejudice against the judge before whom the case was to be tried. The trial was thus delayed. Thereafter, when the case was set for trial he gave notice of a motion to continue it over the term be-

cause of the absence of the witness Dr. Pearson. Opposing counsel objected to this continuance but offered to enter into an arrangement to take the witness's deposition so that it could be returned in time for trial on the day set. Appellant made no effort to perfect such an arrangement. In the meantime he entered a rest hospital. On the day appointed for the trial of the case, counsel moved for a continuance over the term on the ground that appellant was unable to attend on account of "his nervous and mental condition" and abandoned his motion to continue because of the absence of the Florida witness. The case was continued and set down for trial nearly a month later. On that date, appellant's counsel renewed his motion for a continuance on the ground of illness. There was a direct and violent conflict in the evidence as to the condition of the appellant but the trial court again continued the case for something over thirty days and again set it for trial. There is a showing, without denial, that immediately after the continuance, appellant left the hospital and attended to his business affairs and did not thereafter return to the hospital. Three days before the time last set for trial, appellant departed on a sea voyage. On the day set, counsel again moved for a continuance on the ground of illness and again the motion was denied and the case set down for trial.

The trial judge was on the ground. He had a clearer view of the whole matter than we can have. While most of the showings were by affidavit, yet some of the witnesses were present in court. He took into consideration all of the showings made, all of the attendant circumstances, and all of the proceedings theretofore had, and, exercising his discretion, made his ruling. Considering the whole record we cannot say there was any abuse of discretion in denying the motion. See Sheldon v. Landwehr, 159 Cal. 778, 116 P. 44; Schamper v. Ullrich, 131 Wis. 524, 111 N. W. 691.

Judgment and order affirmed.

BURKE, MORRIS, CHRISTIANSON and BURR, JJ., concur.