2005 ND 220
Interest of L.B.B., a Child
Brandi Sasse Russell, Petitioner and Appellee
v.
L.B.B., Child, Respondent and Appellant and C.B.B., Father, D.B.B., Mother, Respondents.
Nos. 20050252, 20050254
Supreme Court of North Dakota.
Decided December 20, 2005
Susan Schmidt, P.O. Box 2155, Bismarck, N.D. 58502-2155, respondent and appellant.
Justin J. Schwarz, Assistant State's Attorney, 514 E. Thayer Avenue, Bismarck, N.D. 58501-4413, petitioner and appellee.
Opinion of the Court by Maring, Justice.
Maring, Justice.
[¶1] L.B.B. appeals from the juvenile referee's findings of fact and order of June 29, 2005 and the juvenile court's June 15, 2005, order on review confirming the referee's May 18, 2005, findings of fact and order adjudicating him a delinquent child. The delinquency adjudication resulted from a finding by the juvenile referee that L.B.B. had committed gross sexual imposition. L.B.B. argues the petitioner failed to establish all of the elements of gross sexual imposition. L.B.B. also argues that the juvenile referee failed to apply the rules of evidence and that those rules should apply in juvenile court. Finally, L.B.B. argues the petitioner may not prove an allegation against a juvenile using the juvenile's out-of-court statement and no other evidence of the offense. We reverse, holding there was insufficient evidence presented to the juvenile referee to support a finding that L.B.B. committed gross sexual imposition.

I
[¶2] A petition was filed with the juvenile court on December 6, 2004, alleging L.B.B. committed the delinquent act of gross sexual imposition. Specifically, the petitioner alleged L.B.B. engaged in a sexual act with a child under the age of 15 between July 1, 2004, and September 1, 2004. L.B.B. was 17 when the petition was filed.
[¶3] The juvenile referee heard evidence on the gross sexual imposition allegation at an April 19, 2005, hearing. The evidence presented consists solely of the testimony of Bismarck Police Detective Gary Malo and spans four pages of the hearing transcript. Malo testified that Burleigh County Social Services contacted him to report that B.S., the alleged victim, had told Social Services she had a "sexual relationship" with L.B.B. The juvenile referee allowed this testimony over a hearsay objection. Malo then testified regarding what B.S. had told him during an interview. L.B.B. objected, again on hearsay grounds, and the petitioner did not pursue the line of questioning. Malo's testimony then turned to his interview with L.B.B. Malo testified that L.B.B. admitted to having a "sexual relationship" with B.S. between July and August, presumably of 2004. Malo was then asked B.S.'s birth date. L.B.B. objected, again on the grounds of hearsay. Malo then testified as to B.S.'s exact date of birth, a date in late 1989. On cross examination, L.B.B.'s only question was where Malo had received his information as to B.S.'s date of birth. Malo responded that he had received the information from Social Services.
[¶4] In its May 18, 2005, findings of fact, the juvenile referee found a factual basis for the allegation that L.B.B. had committed gross sexual imposition and adjudicated L.B.B. a delinquent and unruly child. On June 15, following a request for review, the juvenile court found that the juvenile referee's findings of fact were supported by competent, admissible evidence. L.B.B. appealed on June 24, 2005. A dispositional hearing was held on June 28, 2005, and the juvenile referee issued a findings of fact and order on June 29, 2005. L.B.B. amended his notice of appeal on July 25, 2005, to include the June 29, 2005, findings of fact and order.
[¶5] On appeal, L.B.B. argues the petitioner failed to prove each and every element of the offense of gross sexual imposition; it was error for the juvenile referee to find a factual basis for gross sexual imposition based solely on L.B.B.'s out-of-court statements; and, the juvenile referee erred by not applying the rules of evidence to a juvenile court proceeding. The petitioner argues it provided sufficient evidence to prove the allegation of gross sexual imposition and that applying the rules of evidence in juvenile court must be balanced against the conflicting interest of conducting an informal hearing.

II
[¶6] On appeal, this Court reviews a juvenile court's findings of fact under a clearly erroneous standard. N.D.R.Civ.P. 52(a). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made." Syvertson v. State, 2005 ND 128, ¶ 4, 699 N.W.2d 855.
[¶7] In this case, the petitioner alleged L.B.B. committed the delinquent act of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03, constituting a class A felony. Specifically, L.B.B. was alleged to have engaged in a sexual act with a victim less than fifteen years old. A sexual act is defined under N.D.C.C. § 12.1-20-02(3) as:
"Sexual act" means sexual contact between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any other portion of the human body and the penis, anus, or vulva; or the use of an object which comes in contact with the victim's anus, vulva, or penis. For the purposes of this subsection, sexual contact between the penis and the vulva, the penis and the anus, any other portion of the human body and the anus or vulva, or an object and the anus, vulva, or penis of the victim, occurs upon penetration, however slight. Emission is not required. Detective Malo's testimony never specifies the sexual act alleged to have occurred between L.B.B. and the victim; nor does the petitioner ever elicit any specific detail that would aid a fact finder's understanding of the crime purported to have been committed. The testimony on record alludes only to a "sexual relationship."
[¶8] The trier of fact should not be required to engage in determinations of what acts constitute a "sexual relationship." The term "sexual relationship" is not readily defined and could encompass all manner of social interactions. Does a kiss constitute a sexual relationship? A hug? Is any relationship not "platonic" defined as "sexual"? Are sexual acts contemplated in the term "romantic relationship?" This Court will not engage in the semantical acrobatics of guessing what is meant by a vague term never defined, explained, or elaborated upon. Proof beyond a reasonable doubt of a "sexual act" requires specific evidence that an act clearly defined by N.D.C.C. § 12.1-20-02(3) occurred. An inference based on one interpretation of a vague term will not suffice in this case.
[¶9] Allegations against a juvenile must be proven beyond a reasonable doubt. N.D.C.C. § 27-20-29(2). The juvenile referee's findings of fact that L.B.B. had committed the crime of gross sexual imposition are clearly erroneous. Based on the record before us, even if all the hearsay evidence were considered, the petitioner did not meet the burden of establishing beyond a reasonable doubt that L.B.B. engaged in a sexual act with a victim less than fifteen years old. We therefore need not address the other issues raised by L.B.B.
[¶10] Further proceedings against L.B.B. in this matter are prohibited by double jeopardy.
A conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. When a court, be it an appellate court or a trial court on motion for entry of a judgment of acquittal, concludes that evidence is legally insufficient to support a guilty verdict, it concludes that the prosecution has failed to produce sufficient evidence to prove its case. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars retrial in such a case.
On the other hand, when a court is asked to consider whether or not a conviction is against the weight of the evidence, the court must evaluate for itself the credibility of the evidence. Id. If the trial court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.
Therefore, while in challenges based on the weight of the evidence a trial court acts as a "thirteenth juror" and independently assigns value to and weighs evidence, in challenges based on the sufficiency of the evidence the court asks only if the prosecution's case could have been believed by a rational factfinder.
State v. Yineman, 2002 ND 145, ¶¶ 8-10, 651 N.W.2d 648 (citations omitted); see also State v. Berger, 235 N.W.2d 254, 262 (N.D. 1975) (noting "a proceeding under the juvenile system which has reached final disposition constitutes jeopardy and a subsequent adult trial of the same person on the same offense constitutes double jeopardy, which is not permissible").

III
[¶11] Because the petitioner did not establish by proof beyond a reasonable doubt that L.B.B. has committed the crime of gross sexual imposition, the juvenile court's findings of fact were clearly erroneous and we reverse the orders appealed.
[¶12] Mary Muehlen Maring
Daniel J. Crothers
Dale V. Sandstrom
Carol Ronning Kapsner
Gerald W. VandeWalle, C.J.
Sandstrom, Justice, concurring.
[¶13] I agree with Justice Maring's opinion.
[¶14] I write separately to note that the Rules of Evidence apply to hearings such as this one.
[¶15] The North Dakota Rules of Evidence are adopted and amended under the quasi-legislative authority granted the Supreme Court by the North Dakota Constitution: "The supreme court shall have authority to promulgate rules of procedure, including appellate procedure . . . ." N.D. Const. art. 6, § 3.
[¶16] Rule 101, N.D.R.Ev., provides:
These rules govern proceedings in the courts of North Dakota, to the extent and with the exceptions stated in Rule 1101.
[¶17] Rule 1101, N.D.R.Ev., provides in part:
(a) Courts and Magistrates. These rules apply to all courts and magistrates of this State.
. . . .
(d) Rules Inapplicable. The rules, other than those with respect to privileges, do not apply in the following situations:
. . . .
(3) Miscellaneous Proceedings. . . . [D]etention hearings, transfer and dispositional hearings in juvenile court . . . .
[¶18] The juvenile courts are courts of North Dakota to which the Rules of Evidence apply with the exceptions stated. None of the exceptions apply here.
[¶19] Dale V. Sandstrom