2009 ND 138

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Faron BORNHOEFT, Defendant and Appellant.**

No. 20090067.

Supreme Court of North Dakota.

July 21, 2009.

Ladd R. Erickson, State's Attorney, Washburn, N.D., for plaintiff and appellee.

Todd A. Schwarz, N.D. Public Defender's Office, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Faron Bornhoeft appeals a district court order denying his motion to dismiss the charge of disorderly conduct as reserved in his conditional guilty plea under Rule 11(a)(2) of the North Dakota Rules of Criminal Procedure. We affirm.

## I

[¶ 2] On November 1, 2008, at 12:27 a.m., a McLean County deputy sheriff found the defendant's wife walking through the Underwood anhydrous plant. She told him she had been at a bar with Bornhoeft and was trying to cool off because they had been arguing. The deputy offered to talk to Bornhoeft, but his wife "begged" him not to.

[¶ 3] The deputy continued to patrol the area. At 1:15 a.m., he was driving on First Street in Underwood when he heard a male voice yelling vulgarities. The deputy drove toward the yelling on Lincoln Avenue, and as he was driving, he noticed a male with poor balance walking south on Second Street. The deputy then turned in the direction of the male, whom he identified as Faron Bornhoeft, and noticed Bornhoeft put his arms up in the air as the deputy drove by. The deputy then saw Bornhoeft climb in the passenger side of a pickup driven by his wife. When the deputy drove by them, Bornhoeft again put his arms up in the air and yelled something. The deputy followed the pickup to the backyard of the Bornhoeft residence to conduct what he described as a welfare check. After reaching the residence, Bornhoeft got out of the pickup, put his arms up in the air, and yelled obscenities at the deputy. The deputy got out of the patrol car and asked Bornhoeft if there was a problem. Bornhoeft, yelling obscenities, started walking toward the deputy. Again, Bornhoeft, standing five feet away from the deputy and pointing his left arm at him, used vulgar language. The deputy then arrested Bornhoeft for disorderly conduct.

[¶ 4] Bornhoeft moved to dismiss the charges, arguing he could not, as a matter of law, have violated the disorderly conduct statute, N.D.C.C. § 12.1–31–01, on the basis of the facts presented. He ar-gued his language was protected by the First Amendment free speech clause. The State resisted his motion to dismiss, arguing separate grounds existed. The district court denied Bornhoeft's motion. Bornhoeft, intending to reserve his right to appeal the district court order denying his motion, entered a conditional plea under Rule 11(a)(2), N.D.R.Crim.P., in January 2009. The district court entered judgment in February 2009. In April 2009, the State moved this Court to remand the case to the district court so Bornhoeft could withdraw his conditional plea and have trial on the merits, arguing the State did not knowingly consent to the plea. Bornhoeft resisted the motion, and this Court denied it.

[¶ 5] The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–02.

## II

[¶ 6] Bornhoeft argues on the basis of *City of Bismarck v. Schoppert*, 469 N.W.2d 808 (N.D.1991), that the district court erred in denying his motion to dismiss the charge of disorderly conduct, because his vulgar language was protected under the First Amendment free speech clause and could not, as a matter of law, be held to be disorderly under the North Dakota disorderly conduct statute.

[¶ 7] If a defendant claims he was engaged in constitutionally protected activity, "the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity." N.D.C.C. § 12.1–31–01(2). "Whether an activity is constitutionally protected is a question of law, which is fully reviewable on appeal." *State v. Hol-*

*bach,* 2009 ND 37, ¶ 11, 763 N.W.2d 761 (citation omitted).

[¶ 8] This Court, in *State v. Howe,* 247 N.W.2d 647, 652 (N.D.1976), explained that "the purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered." According to Rule 3(a) & (b) of the North Dakota Rules of Criminal Procedure, a "complaint is a written statement of the essential facts constituting the elements of the offense charged," and the "magistrate may . . . receive any affidavit filed with the complaint." A similar provision allowing for consideration of an affidavit filed with a complaint is found in N.D.R.Crim.P. 4(a)(1), providing, "If it appears from the complaint, and *any affidavit filed with the complaint,* that there is probable cause to believe that a criminal offense has been committed . . . the magistrate must issue an arrest warrant." (Emphasis added.) The affidavit can thus be read with the complaint to determine whether there is probable cause to believe that a criminal offense has been committed, and it follows that the affidavit can be read with the complaint to test the sufficiency of the complaint on a motion to dismiss as well.

[¶ 9] In *State v. Jelliff,* 251 N.W.2d 1, 5 (N.D.1977), this Court considered whether "an otherwise sufficient criminal complaint [should] be dismissed because a supporting affidavit contains, *in addition to facts supporting the charge,* surplusage or evidentiary material which may or may not be admissible at trial." (Emphasis added.) The district court in *Jelliff* dismissed the criminal complaint that had been accompanied by a supporting affidavit listing several instances in which the defendant alleg-

edly committed the offense charged but which had occurred both prior to and after the charging statute's effective date. It is unclear whether the criminal complaint contained more than just a recitation of the charges, i.e., "the offense of misapplication of entrusted property on or about the 28th day of July, 1975, in violation of § 12.1–23–07, NDCC." *Jelliff,* 251 N.W.2d at 3. Instead, it is clear that the supporting affidavit contained the details. *Id.* at 3, 5. This Court reversed, concluding sufficient facts existed that, if proved, constituted a violation of the statute at issue. Moreover, in *Jelliff,* there was no holding to the effect that a district court errs in considering a supporting affidavit filed with the complaint in deciding a motion to dismiss. The district court referred to the State's argument and stated only that it had previously held a supporting affidavit is not considered part of the complaint, citing *State v. Stevens,* 19 N.D. 249, 123 N.W. 888 (1909). In *Stevens,* the charging statute called for an affidavit, and the defendant had argued the affidavit was insufficient for the proceedings against him. It is against this background that this Court concluded the affidavit in question was not defective, because its purpose was not to serve as a complaint or information, nor was it a "part of the *information* upon which the defendant was prosecuted or held to the district court." *Stevens,* 19 N.D. at 256, 123 N.W. at 890 (emphasis added). Furthermore, *Stevens* was decided more than 60 years before the supporting affidavit provision of N.D.R.Crim.P. 3(b) was adopted. *See* § 9694 of the Code of Criminal Procedure, Revised Code of North Dakota (1905); Explanatory Note to Rule 59, N.D.R.Crim.P.

[¶ 10] While the complaint contained a "to-wit"[1] statement referencing Born-

---

1. Archaic language meaning, "That is to say; namely." *Black's Law Dictionary* 1528 (8th

hoeft's yelling of profanities at the deputy, at oral argument both parties said that the deputy's affidavit describing the events on the night in question was filed with the complaint, and the record shows the affidavit is stapled to the complaint. In denying Bornhoeft's motion to dismiss, the district court found the facts presented were sufficient to bring the charge of disorderly conduct.

[¶ 11] It is important to distinguish between disturbing or threatening conduct proscribed by the disorderly conduct statute and content of speech. The North Dakota disorderly conduct statute prohibits certain types of conduct, including intentionally engaging in threatening behavior, making unreasonable noise, and creating a hazardous, physically offensive, or seriously alarming condition by any act that serves no legitimate purpose. N.D.C.C. § 12.1–31–01(a), (b), and (g). We recognize that the First Amendment free speech clause gives the public a right to criticize the police, and even yell profanities at the police and make obscene gestures, without getting arrested solely for such speech. *E.g., City of Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). That protection must, however, be distinguished from potentially disturbing or threatening conduct, even if the yelling contains vulgar language intended for a police officer. A violation of the disorderly conduct statute does not necessarily depend on the particular content of the speech involved, but on the behavior. *See, e.g., State v. Barth,* 2005 ND 134, ¶ 13, 702 N.W.2d 1 (concluding the evidence was sufficient to support a disorderly conduct conviction when the defendant was yelling obscenities and making obscene and threatening gestures toward the sheriff, including putting up

ed.2004).

his fist and saying, "C'mon you son of a bitch.").

[¶ 12] This case is distinguishable from *City of Bismarck v. Schoppert,* 469 N.W.2d 808 (N.D.1991), on which Bornhoeft relies heavily. Schoppert, having been convicted of disorderly conduct after a jury trial, appealed, arguing a jury instruction allowed the jury to convict him for constitutionally protected speech. Further, in *Schoppert,* the profanities and vulgar expressions were directed at a police officer without a breach of peace or otherwise threatening behavior. *Id.* at 809. Here, because a motion to dismiss is intended to test the sufficiency of the complaint, the district court could have concluded from the affidavit filed with the complaint that several other grounds justified the charge of disorderly conduct. While the complaint contained a to-wit statement about Bornhoeft's yelling obscenities at the deputy, according to the filed affidavit, the deputy heard Bornhoeft yelling on Lincoln Avenue and Second Street in Underwood at 1:15 a.m., while the deputy was driving down First Street in Underwood. Further, the affidavit also described how Bornhoeft, in addition to yelling on a city street in the middle of the night, started approaching the deputy after the deputy got out of the patrol car in the alley near Bornhoeft's residence. The deputy reportedly asked Bornhoeft to calm down, but Bornhoeft, then standing approximately five feet away, was pointing his left arm at the deputy and yelling obscenities. Immediately, the deputy arrested Bornhoeft for disorderly conduct. A defendant engaging in a threatening behavior or creating a hazardous, physically offensive, or seriously alarming condition by any act that serves no legitimate purpose may be charged with disorderly conduct under the statute. *E.g., State v. Barth,* 2005 ND 134,

¶ 13, 702 N.W.2d 1. If Bornhoeft was uncertain as to the particular facts upon which the State relied to allege the offense, he could have requested a bill of particulars under N.D.R.Crim.P. 7(f). *See State v. Jelliff*, 251 N.W.2d 1, 6 (N.D.1977) ("While Rule 7 governs indictments and informations, we have already noted the similarity between an information and a complaint.").

[¶ 13] We conclude the district court did not err in denying Bornhoeft's motion to dismiss. While Bornhoeft could not have been charged for disorderly conduct solely on the basis of the content of his "speech," the affidavit filed with the complaint described conduct that can be the basis of disorderly conduct charges, such as Bornhoeft's intentional yelling on a city street in the middle of the night in a residential area or his pointing his left arm at the deputy while standing five feet away and yelling. The district court, therefore, correctly concluded the facts presented were sufficient to bring the charge of disorderly conduct.

### III

[¶ 14] We affirm the district court order denying Bornhoeft's motion to dismiss.

[¶ 15] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.