2010 ND 84

**In the Interest of A.R., a Child.**

**Bradley Cruff, Barnes Co. State's Attorney, Petitioner and Appellee**

**v.**

**A.R., minor child, C.R., mother, and S.R., father, Respondents and Appellants.**

**No. 20090197.**

Supreme Court of North Dakota.

May 11, 2010.

Lee M. Grossman, Assistant State's Attorney, Valley City, N.D., for petitioner and appellee.

Russell J. Myhre, Valley City, N.D., for respondents and appellants.

MARING, Justice.

[¶ 1] A.R. appeals a juvenile court's order adjudicating him a delinquent child for committing disorderly conduct. A.R. argues the juvenile court erred in denying his motion to dismiss and finding sufficient evidence exists to sustain a conviction because his speech is protected by the First Amendment. Because A.R.'s speech is not protected by the First Amendment and the petition sufficiently alleged facts to place A.R. on notice, we hold the juvenile court did not err in denying the motion to dismiss and finding sufficient evidence exists to adjudicate him a delinquent child. We affirm the juvenile court's order.

I

[¶ 2] A.R. is a juvenile male. T.L., an African–American juvenile female, reported to police that A.R. called her a "stupid nigger." In a statement, T.L. wrote:

[I] went back to the dance to get my friend because [I] was her ride home and the same girl [I] don't [sic] know came back up to me saying [I] was starting stuff w/her and her brother and a lot of his friends circled around me and my friend . . . they were yelling and screaming at me. As [I] tried to walk out her brother and his friend [A.R.] yelled stupid Nigger.

The police officer's report similarly provides, "At some point [T.L.] was circled by a bunch of people. As [T.L.] walked out [T.H.] and [A.R.] yelled stupid 'Nigger.'" On April 2, 2009, the State filed a petition to have A.R. adjudicated a delinquent child, alleging A.R. had committed disorderly conduct when he called T.L. a "stupid nigger" at the teen center.

[¶ 3] A.R. moved to dismiss the action under N.D.R.Crim.P. 12(b)(3)(B). A.R. argued the State failed to allege a cause of action in the petition by claiming that A.R. used the words "stupid nigger" to commit the offense and failed to allege the requisite elements of disorderly conduct under N.D.C.C. § 12.1–31–01. A.R. also argued his language was protected by the First Amendment. The juvenile court held a hearing to consider his motion. Neither party called any witnesses to testify about the incident. The court considered and denied the motion. After the court denied the motion, counsel noted that the State and defense had stipulated the facts for purposes of disposition. The juvenile court found A.R. to be a delinquent child.

[¶ 4] A.R. appeals the juvenile court's order, arguing the court erred by denying his motion to dismiss because his speech is protected by the First Amendment; the petition did not allege the elements of disorderly conduct; and sufficient evidence did not exist to support a disorderly conduct conviction. In his appellate brief, A.R. stated, "[a]t the hearing, the Petitioner and Respondent stipulated to the facts of the case, as submitted upon briefs." In his trial court brief, A.R. states "[f]or purposes of this Motion and Brief, the facts will be presented according to the language in the Petition, Police Report, and Statement of the alleged victim." The juvenile court and parties left this Court in a difficult position by "stipulating to the facts," but failing to read any facts into the record. Therefore, we are left to analyze, as indicated in A.R.'s brief on his motion to dismiss, "the facts ... presented according to the language in the Petition, Police Report, and Statement of the alleged victim."

II

[¶ 5] This Court has provided the standard of review of a juvenile court's decision:

Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court's factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law. This Court reviews questions of law de novo.

*Interest of R.W.S.*, 2007 ND 37, ¶ 8, 728 N.W.2d 326 (citations omitted). This Court considers the case "upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court." N.D.C.C. § 27–20–56. Additionally, "[w]hether an activity is constitutionally protected is a question of law, which is fully reviewable on appeal." *State v. Bornhoeft*, 2009 ND 138, ¶ 7, 770 N.W.2d 270. Section 12.1–31–01, N.D.C.C., provides the definition of disorderly conduct:

1.  An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:

a. Engages in fighting, or in violent, tumultuous, or threatening behavior;

b. Makes unreasonable noise;

c. In a public place, uses abusive or obscene language, knowingly exposes that individual's penis, vulva, or anus, or makes an obscene gesture;

d. Obstructs vehicular or pedestrian traffic or the use of a public facility;

e. Persistently follows a person in or about a public place or places;

f. While loitering in a public place for the purpose of soliciting sexual contact, the individual solicits the contact;

g. Creates a hazardous, physically offensive, or seriously alarming condition by any act that serves no legitimate purpose; or

h. Engages in harassing conduct by means of intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. . .

2. This section does not apply to constitutionally protected activity. If an individual claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.

A.R. argues the State's petition did not allege a criminal activity under the disorderly conduct elements of N.D.C.C. § 12.1–31–01 because his speech is protected by the First Amendment. Therefore, he argues the court erred in denying his motion to dismiss and by finding sufficient evidence exists to sustain a conviction.

A

[¶ 6] A.R. argues the juvenile court erred by denying his motion to dismiss because the petition failed to allege he committed disorderly conduct under N.D.C.C. § 12.1–31–01. In a delinquency proceeding, the juvenile court has original jurisdiction. N.D.C.C. § 27–20–03(a). Under N.D.C.C. § 27–20–21, the petition must plainly set forth:

1. The facts which bring the child within the jurisdiction of the court, with a statement that it is in the best interest of the child and the public that the proceeding be brought and, if delinquency or unruly conduct is alleged, that the child is in need of treatment or rehabilitation;

2. The name, age, and residence address, if any, of the child on whose behalf the petition is brought;

3. The names and residence addresses, if known to petitioner, of the parents, guardian, or custodian of the child and of the child's spouse, if any. If none of the child's parents, guardian, or custodian resides or can be found within the state, or if their respective places of residence address are unknown, the name of any known adult relative residing within the county, or, if there be none, the known adult relative residing nearest to the location of the court; and

4. Whether the child is in custody and, if so, the place of the child's detention and the time the child was taken into custody.

"In a juvenile court proceeding, due process of law requires notice which would be deemed constitutionally adequate in a civil or criminal proceeding." *Interest of H.K.*, 2010 ND 27, ¶ 9, 778 N.W.2d 764 (citation omitted). "A fundamental element of adequate notice is that allegations must be

stated with particularity, giving notice of specific grounds and factual claims." *Id.* A petition cannot recite a statute and conclusively allege a juvenile has committed a crime. *Id.*

The State's petition alleged:

[O]n or about the 27th day of February, 2009 said child with the intent to harass, annoy or alarm another person or in reckless disregard of that fact that another person is harassed, annoyed or alarmed by the individual's behavior, engaged in fighting, or in violent, tumultuous, or threatening behavior, made unreasonable noise, in a public place, used abusive or obscene language, knowingly exposed that individual's penis, vulva, or anus or made an obscene gesture, obstructed vehicular or pedestrian traffic or the use of a public facility, persistently followed a person in a public place, or engaged in harassing conduct by means of intrusive or unwanted acts, word, or gestures intended to adversely affect the safety, security, or privacy of another person, more specifically when he called T.L. a stupid nigger at the teen center in Valley City, Barnes County, North Dakota, this being DISORDERLY CONDUCT, a delinquent act according to § 27–20–02(6) and a Class B misdemeanor pursuant to the provisions of § 12.1–31–01 of the North Dakota Century Code.

The petition sufficiently set forth the facts that brought A.R. within the juvenile court's jurisdiction. *See Interest of H.K.,* 2010 ND 27, ¶ 10, 778 N.W.2d 764 (concluding the State sufficiently alleged facts to put the juvenile on notice under N.D.C.C. § 12.1–31–01). In the petition, the State charged A.R. with disorderly conduct when he called T.L. a "stupid nigger" in the context of an incident at the teen center in Valley City. The petition provided sufficient notice of the general grounds and factual claims upon which the State based its charge, and A.R. had a meaningful opportunity to prepare for and participate in the hearing. *See id.* Therefore, we hold the juvenile court did not err by refusing to grant the motion to dismiss based on sufficiency of the petition.

**B**

■ [¶ 7] A.R. also argues the juvenile court abused its discretion by denying A.R.'s motion to dismiss because his statement, "stupid nigger," was protected by the First Amendment and should not have been considered.

[¶ 8] The disorderly conduct statute provides that it does not apply to constitutionally protected activity. N.D.C.C. § 12.1–31–01(2). Under N.D.C.C. § 12.1–31–01(2), when the defendant claims he was engaged in constitutionally protected activity, "the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity."

■ [¶ 9] The First Amendment to the United States Constitution provides: "Congress shall make no law ... abridging the freedom of speech." The United States Supreme Court has held that freedom of speech is a fundamental right that applies to the states through the Due Process Clause of the Fourteenth Amendment. *See Gitlow v. New York,* 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1925). The free speech provision of the North Dakota Constitution similarly provides, "Every man may freely write, speak and publish his opinions on all subjects, being responsible for the abuse of that privilege." N.D. Const. art. I, § 4. However, limitations exist to free speech. *See Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942) (explaining that lewd, obscene, profane, li-

belous, insulting or fighting words are not protected).

■ [¶ 10] In *City of Bismarck v. Schoppert*, this Court held that "the fact that words are vulgar or offensive is not sufficient to remove them from the protection of the first amendment and into the arena in which the state can make conduct criminal." 469 N.W.2d 808, 811 (N.D. 1991). However, the First Amendment protections do not prevent the State from punishing " 'fighting' words" that "tend to incite an immediate breach of the peace." *Id.* at 810 (quoting *Chaplinsky*, 315 U.S. at 572, 62 S.Ct. 766). This Court has also defined fighting words as "personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction." *Id.* at 811–12 (citing *Cohen v. California*, 403 U.S. 15, 20, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971)). "This definition recognizes that to determine whether a particular expression constitutes fighting words is dependent upon the context in which it was used." *Interest of H.K.*, 2010 ND 27, ¶ 13, 778 N.W.2d 764. Although the State has suggested that no speech is protected under the disorderly conduct statute if it is intended to harass, we disagree.

[¶ 11] In *State v. Bornhoeft*, this Court noted the importance of distinguishing between disturbing or threatening conduct proscribed by the disorderly conduct statute and the content of speech. 2009 ND 138, ¶ 11, 770 N.W.2d 270. "A violation of the disorderly conduct statute does not necessarily depend on the particular content of the speech involved, but on the behavior." *Id.* This Court stated, "[w]hile Bornhoeft could not have been charged for disorderly conduct solely on the basis of the content of his 'speech,' the affidavit filed with the complaint described conduct that can be the basis of disorderly conduct

charges, such as Bornhoeft's intentional yelling on a city street in the middle of the night in a residential area or his pointing his left arm at the deputy while standing five feet away and yelling." *Id.* at ¶ 13; *see also State v. Barth*, 2005 ND 134, ¶¶ 16–17, 702 N.W.2d 1 (holding the persistent use of profane and threatening language combined with threatening hand gestures was not constitutionally protected and could support a disorderly conduct conviction); *City of Fargo v. Brennan*, 543 N.W.2d 240, 244 (N.D.1996) (holding that the defendant's expressions were protected, but how he physically delivered them, flailing his arms toward the victim, was not); *City of Bismarck v. Nassif*, 449 N.W.2d 789, 795 (N.D.1989) (affirming a disorderly conduct conviction, concluding that being upset, shouting, loud, and aggressive and threatening to get a shotgun and "blow you bastards away" was not constitutionally protected).

■ [¶ 12] "The First Amendment protects an individual's mere use of the term 'nigger.' " *Interest of H.K.*, 2010 ND 27, ¶ 14, 778 N.W.2d 764. Although A.R. alleges his activities were mere speech, the police report and victim's statement indicate that A.R. was involved in more than uttering a racially abusive epithet. T.L.'s written statement to police indicates A.R. was also engaged in behavior that accompanied the speech. T.L. wrote, "her brother and a lot of his friends circled around me and my friend … they were yelling and screaming at me. As [I] tried to walk out her brother and his friend [A.R.] yelled stupid Nigger." The police report provides: "At some point [T.L.] was circled by a bunch of people. As [T.L.] walked out [T.H.] and [A.R.] yelled stupid 'Nigger.' " A reasonable inference from both the victim's statement and the police report is that A.R. was involved as a member of the group that circled around T.L.

before he yelled "stupid nigger." We hold that the conduct accompanying the speech takes it outside of the First Amendment protections. *See In re John M.*, 201 Ariz. 424, 36 P.3d 772, 776 (Ariz.Ct.App.2001) (concluding that a juvenile leaning out of a car and screaming at an African–American woman, "fuck you, you god damn nigger" were fighting words and constituted a personal attack on the woman, likely to provoke a violent reaction when addressed to an ordinary citizen of African–American descent).

[¶ 13] We hold A.R.'s statement constitutes fighting words considering the context in which it was used. Therefore, the statement is not protected by the First Amendment, and the juvenile court properly considered it.

### C

[¶ 14] A.R. argues sufficient evidence does not exist to support the juvenile court's finding that he committed disorderly conduct. At oral argument, A.R.'s counsel conceded that the conduct constituted disorderly conduct if we determine it was not protected by the First Amendment. We have held that A.R.'s conduct is not protected by the First Amendment. In her statement, T.L. reported that people circled around her, and that A.R. called her a "stupid nigger." Based upon the evidence, the juvenile court did not clearly err in determining that A.R. committed disorderly conduct under N.D.C.C. § 12.1–31–01 by engaging in threatening behavior and harassing conduct, including unwanted words, intended to adversely affect the safety, security, or privacy of T.L.

### IV

[¶ 15] We hold the juvenile court did not err by denying A.R.'s motion to dismiss because the petition sufficiently set forth the facts that brought A.R. within the juvenile court's jurisdiction, A.R.'s statement was not protected by the First Amendment, and the record contained sufficient evidence to support a disorderly conduct conviction. Therefore, we conclude the juvenile court was not clearly erroneous in finding A.R. is a delinquent child. We affirm the juvenile court's order.

[¶ 16] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.