2010 ND 89

**STATE of North Dakota, Plaintiff and Appellant**

v.

**John Oliver SMITH, Defendant and Appellee.**

**No. 20090309.**

Supreme Court of North Dakota.

May 11, 2010.

Bradford A. Peterson, Assistant State's Attorney, State's Attorneys' Office, Minot, N.D., for plaintiff and appellant.

Robert W. Martin, North Dakota Public Defenders' Office, Minot, N.D. for defendant and appellee.

MARING, Justice.

[¶ 1] The State appealed from a trial court order granting John Oliver Smith's motion to dismiss the charge of conspiracy to manufacture methamphetamine. We reverse and remand, concluding the trial court erred by granting the motion to dismiss.

I

[¶ 2] In July 2009, John Oliver Smith purchased four boxes of ephedrine at two different pharmacies. Smith was a passenger in a vehicle owned by Levi Ward. Law enforcement had "recently received information that Ward was in possession of hypodermic needles and a bag of white powder." Law enforcement continued to follow Ward's vehicle after it left both pharmacies. Law enforcement eventually requested a marked patrol unit to pull the vehicle over. During a pat-down search, law enforcement found methamphetamine on Levi Ward. On the back bumper, law enforcement also "observed" a syringe in what appeared to be ·a broken methamphetamine pipe. At that point, law enforcement searched the vehicle and found seven or eight syringes, spoons with residue, glassware, solvents, tubing, a gas generator, coffee filters, and four or five boxes of pills containing ephedrine. The officer testified the vehicle contained everything needed to make methamphetamine except for the anhydrous ammonia. Law enforcement did not find any paraphernalia on Smith. The officer testified that Smith informed him that he purchased the ephedrine in exchange for a Mega Ride pass to the North Dakota State Fair. Smith also told the officer he was aware the ephedrine was going to be used to cook methamphetamine. The affidavit of probable cause indicated Smith suspected the ephedrine would be used for cooking methamphetamine.

[¶ 3] Smith was arrested for criminal conspiracy to manufacture methamphetamine. At the August 2009 preliminary hearing, the officer testified. At the conclusion of the hearing, the trial court stated, "unless there's more to this that the State has that they can bring to the Court, the Court is going to be inclined to grant a dismissal after motions are made." The trial court also stated, "I will bind you over ... based on meeting the probable cause, but it's a very, very thin piece of ice for the State."

[¶ 4] Smith moved to dismiss the information, arguing the State failed to prove probable cause for any element of the offense at the preliminary hearing. The State argued the testimony provided at the preliminary hearing established sufficient facts to defeat dismissal. It also argued the motion was res judicata. The trial court granted the motion. In its order, the court noted it was concerned at the preliminary hearing by the discrepancies between the officer's testimony and his affidavit of probable cause. The court also mentioned its concern that the officer testified Smith did not provide false identification, he did not make any misstatements about purchasing the ephedrine, and it is lawful to purchase ephedrine.

[¶ 5] The State appeals, arguing the trial court acted without authority in ordering dismissal of the information.

## II

[¶ 6] This Court will not reverse the trial court's "findings of fact in preliminary proceedings in a criminal case if, after resolving conflicts in the evidence in favor of affirmance, sufficient competent evidence exists that is fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence." *State v. Blunt,* 2008 ND 135, ¶ 14, 751 N.W.2d 692. Whether the trial court's findings of fact reach the level of probable cause is a question of law, fully reviewable on appeal. *Id.*

## III

[¶ 7] The State argues the trial court properly applied the probable cause standard at the preliminary hearing and found the State met its burden. The State contends Smith's motion was silent regarding the sufficiency of the information and instead focused on the insufficiency of evidence at the preliminary hearing of an agreement to perform an illegal act.

[¶ 8] The function of the preliminary hearing is to determine whether probable cause exists to hold an accused for further action. N.D.R.Crim.P. 5.1, *note.* Preliminary hearings are governed by N.D.R.Crim.P. 5.1(a), and the State need only prove probable cause. Rule 5.1, N.D.R.Crim.P., provides:

(a) Probable Cause Finding. If the magistrate finds probable cause to believe an offense has been committed and the defendant committed the offense, an arraignment must be scheduled. The finding of probable cause may be based on hearsay evidence in whole or in part. The defendant may cross-examine adverse witnesses and may introduce evidence. The magistrate may receive evidence that would be inadmissible at the trial.

(b) Discharge of the Defendant. If the magistrate hears evidence on behalf of the respective parties in a preliminary examination, and finds either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant.

At the preliminary hearing, the standard of probable cause is the same standard required for an arrest. *Blunt,* 2008 ND 135, ¶ 16, 751 N.W.2d 692. "Under that standard, probable cause exists when the facts and circumstances are 'sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed,' and 'knowledge of facts sufficient to establish guilt is not necessary to establish probable cause.'" *Id.* (citation omitted). For purposes of the preliminary hearing, the State must produce sufficient evidence to satisfy the court that a crime has been committed and the accused is probably guilty. *Id.* at ¶ 15. This Court has explained the trial court's authority to assess credibility at a preliminary hearing as:

We hold that a judge in a preliminary hearing has jurisdiction to consider the credibility of witnesses only when, as a matter of law, the testimony is implausible or incredible. When there is a mere conflict in the testimony, a question of fact exists for the jury, and the judge must draw the inference favorable to the prosecution.

*Id.* at ¶ 17 (citing *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265, 1268 (1975)). "[A] preliminary hearing is not a trial on the merits," and "[i]t is not the purpose of the preliminary hearing to determine the

defendant's guilt or innocence." *Id.* at ¶ 15. The preliminary hearing is a tool to "ferret out groundless and improvident prosecutions." *State v. Foley,* 2000 ND 91, ¶ 7, 610 N.W.2d 49.

[¶ 9] Under N.D.R.Crim.P. 12(b)(3)(B), the defense must bring a motion to dismiss before trial "alleging a defect in the indictment, information, or complaint." This Court stated, in *State v. Bornhoeft,* "the purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered." 2009 ND 138, ¶ 8, 770 N.W.2d 270 (citing *State v. Howe,* 247 N.W.2d 647, 652 (N.D.1976)).

[¶ 10] The trial court found the State met its burden of proof on probable cause at the preliminary hearing. It then arraigned Smith. Thereafter, the trial court improperly reversed its finding of probable cause and granted Smith's motion to dismiss the information. A motion to dismiss before trial tests the sufficiency of the information. Instead of testing the sufficiency of the information, the trial court weighed the evidence. The trial court noted in its order granting the motion to dismiss that it was troubled by a discrepancy in the officer's testimony and the affidavit of probable cause on the issue of the use to which the ephedrine might be put. The court stated the officer acknowledged Smith had not given false identification or made any misstatements regarding the purchase of ephedrine and agreed it is lawful to purchase ephedrine. The court found "there was insufficient evidence presented that [Smith] is guilty of conspiracy to manufacture methamphetamine." Because a motion to dismiss is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered, we hold that the trial court improperly granted Smith's motion to dismiss.

IV

[¶ 11] We reverse and remand this case for reinstatement of the information and further proceedings consistent with this opinion.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.