IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 255

In the Interest of K.V., a Child

State of North Dakota,                                    Petitioner and Appellee

    v.

A.V., mother of said child; and

E.D., father of said child,                                            Respondents

     and

K.V., said child,                                    Respondent and Appellant

No. 20190074

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Maren H. Halbach, State's Attorney, Devils Lake, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondents and appellants.

**Crothers, Justice.**

[¶1]   A.V., and E.D. are mother and father of K.V. They and K.V. appeal from the juvenile court order finding K.V. committed the delinquent acts of criminal trespass, fleeing or attempting to elude a peace officer, and reckless driving. They argue N.D.C.C. § 12.1-22-03(3)(b) is void for vagueness and insufficient evidence supports finding K.V. committed criminal trespass, fled or attempted to elude a police officer, and drove recklessly. We affirm in part and reverse in part.

I

[¶2]   On November 15, 2018, a juvenile petition was filed alleging K.V. committed the delinquent acts of criminal trespass, fleeing or attempting to elude a peace officer, and reckless driving. An adjudication hearing was held on February 14, 2019, and the juvenile court found beyond a reasonable doubt that K.V. committed all three allegations. K.V. and his parents appeal.

[¶3]   On June 16, 2018, Devils Lake Police Officer Myrum received a call from the owner of Butler Machinery regarding a trespass that occurred on June 13, 2018. At trial, Myrum testified he viewed photographs showing a blue or gray Toyota pickup and a red Chevrolet pickup on Butler's machine lot. He identified the driver of the Toyota and interviewed him over the telephone. The owner of the Toyota said he was driving on the lot but did not notice the "no trespassing" signs near the entrance. He also told Myrum that K.V. was driving the Chevrolet. Myrum testified two large "no trespassing" signs were posted by the lot entrance.

[¶4]   Devils Lake Officer Khalifa testified at trial she saw a juvenile enter the driver's side of an older red Chevrolet pickup. She identified the driver as K.V. based on other officers who told her what he looked like, and from a picture of K.V. She

noticed the red pickup had a burned out tail light on the driver's side and K.V. did not make a complete stop at a stop sign. Khalifa contacted Officer Johnson to stop the pickup because she was in an unmarked vehicle. Johnson testified he received a call from Khalifa stating a vehicle was northbound on Fifth Avenue Southeast headed toward the downtown area. Johnson arrived at Sixth Avenue, followed the vehicle and witnessed K.V. drive through three stop signs. When he was about a block behind the vehicle, Johnson testified he turned on his overhead lights to stop the pickup. He heard the vehicle's engine rev and saw it pick up speed. Johnson testified he estimated the vehicle's speed at 60 to 65 miles an hour. He was unable to complete the stop due to safety issues. In the juvenile court's ruling the judge stated this series of events happened in a residential area.

[¶5]   The juvenile court found beyond a reasonable doubt K.V. committed the delinquent acts of criminal trespass, fleeing or attempting to elude a peace officer, and reckless driving.

II

[¶6]   The appellants argue the trespass statute, N.D.C.C. § 12.1-22-03(3)(b), is void for vagueness.

[¶7]   "It is a well-established principle in this state that issues not raised below cannot be raised on appeal. 'Generally, issues not raised in the trial court, *even constitutional issues*, will not be addressed on appeal.'" *State v. Tweed*, 491 N.W.2d 412, 417 (N.D. 1992) (quoting *State v. Miller,* 388 N.W.2d 522 (N.D. 1986)). The narrow exception to this principle is that "obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. Rule 52(b). "To establish obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights." *State v. Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231.

2

[¶8] The appellants did not argue the obvious error exception and therefore did not show a plain error exists that affects substantial rights. Because the constitutional argument was not raised in the juvenile court and K.V. has not argued obvious error, the argument has been forfeited. *State v. Tweed*, 491 N.W.2d 412 (N.D. 1992).

### III

[¶9] The juvenile court found K.V. committed the delinquent act of criminal trespass, a class A misdemeanor, in violation of N.D.C.C. § 12.1-22-03(3)(b). The appellants argue the only difference between the criminal and noncriminal trespass statute is that the criminal statute requires "[t]he name of the person posting the premises must appear on each sign in legible characters," and substantial compliance with subsection (a) must include the name of the person on the sign. N.D.C.C. § 12.1-22-03(3)(a). They further argue no testimony indicated the sign had the name of the person posting the sign.

[¶10] This Court's standard of review of a juvenile court's order is well established:

> "Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court's factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law. This Court reviews questions of law de novo."

*In re D.O.*, 2013 ND 247, ¶ 6, 840 N.W.2d 641 (citing *Interest of R.A.*, 2011 ND 119, ¶ 4, 799 N.W.2d 332 (quoting *Interest of A.R.*, 2010 ND 84, ¶ 5, 781 N.W.2d 644)).

[¶11] Trespassing on private property is unlawful under North Dakota law. The severity of punishment for trespassing differs based on circumstances of the

trespass.[1] Sections 12.1-22-03(3) and 12.1-22-03(4), N.D.C.C., both address punishment for trespassing and provide in pertinent part:

> "3. a. An individual is guilty of a class B misdemeanor if, knowing that that individual is not licensed or privileged to do so, the individual enters or remains in any place as to which notice against trespass is given by actual communication to the actor by the individual in charge of the premises or other authorized individual or by posting in a manner reasonably likely to come to the attention of intruders. The name of the person posting the premises must appear on each sign in legible characters.
> b. Even if the conduct of the owner, tenant, or individual authorized by the owner varies from the provisions of subdivision a, an individual may be found guilty of violating subdivision a if the owner, tenant, or individual authorized by the owner substantially complied with subdivision a and notice against trespass is clear from the circumstances.
> . . . .
> 4. a. An individual, knowing the individual is not licensed or privileged to do so, may not enter or remain in a place as to which notice against trespass is given by posting in a manner reasonably likely to come to the attention of intruders. A violation of this subdivision is a noncriminal offense."

[¶12] The court found the lot was properly posted because there were two "no trespassing" signs by the lot entrance. The court stated, "I don't know where else a person could put [the signs] to try to make them so manifest to come to the intention [sic] of intruders."

[¶13] Interpretation of a statute is a question of law. *In re R.A.*, 2011 ND 119, ¶ 24, 799 N.W.2d 332 (citing *In re M.W.*, 2009 ND 55, ¶ 6, 764 N.W.2d 185). We look at the plain language of the statute and give each word its ordinary meaning. *Id.*; N.D.C.C. § 1-02-02. "A statute is ambiguous if it is susceptible to different, rational meanings." *In re R.A.*, at ¶ 24. "If a statute is ambiguous or if adherence to the strict letter would lead to an absurd or ludicrous result, a court may look at extrinsic aids, including

---

[1] Section 20.1-01-18, N.D.C.C., provides a particular penalty for trespassing while hunting.

legislative history, to interpret the statute." *Id*. (citing *M.W.*, at ¶ 6; N.D.C.C. § 1-02-39). "'We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.'" *Id*. (quoting *State v. Fasteen*, 2007 ND 162, ¶ 8, 740 N.W.2d 60).

[¶14] Here, the Butler Machinery lot was not presumed to be open land. However, for an individual to be charged with *criminal* trespass the landowner must comply with N.D.C.C. § 12.1-22-03(3). This statute requires that the owner or other authorized person, 1) provide notice against trespass; 2) post a sign in a manner reasonably likely to come to the attention of intruders; and 3) the sign identify the name of the person posting the premises.

[¶15] All three elements are required for a criminal trespass violation. Here, testimony established two "no trespassing" signs were posted near the lot entrance. The owner met the first requirement because a sign stating "no trespassing" provides notice to individuals they are not licensed or privileged to be on the land. The owner also met the second requirement because the "no trespassing" signs were placed near the entrance where they easily could be seen. For the third requirement, no evidence established the name of the person posting the property was on the sign. Therefore, the issue is whether substantial compliance under N.D.C.C. § 12.1-22-03(3)(b) applies to N.D.C.C. § 12.1-22-03(3)(a) as a whole, or whether substantial compliance applies to each requirement individually.

[¶16] Section 12.1-22-03(3)(a), N.D.C.C., states, "[t]he name of the person posting the premises *must* appear on each sign in legible characters." (Emphasis added.) The words "must" and "shall" in a statute normally indicate a mandatory duty. *James Valley Grain, LLC v. David*, 2011 ND 160, ¶ 12, 802 N.W.2d 158 (citing *Sweeney v. Sweeney,* 2002 ND 206, ¶ 17, 654 N.W.2d 407) ("If the duty prescribed in the statute is essential to its main objectives, the word 'shall' is to be construed as creating a

mandatory duty.") (internal quotation marks omitted)). Plain language of the statute requires a name on the sign.

[¶17] Here, no evidence established a name was on the sign; nor that this requirement was substantially complied with. Therefore, an element of the offense has not been proven and the juvenile court's finding K.V. committed criminal trespass is not supported by the evidence. That finding of delinquency is reversed.

IV

[¶18] The appellants argue evidence was insufficient to prove K.V. was the driver or knew the officer was attempting to stop the car he was driving. K.V. was charged with committing the delinquent act of fleeing or attempting to elude a peace officer in violation of N.D.C.C. § 39-10-71(1). Specifically, K.V. was alleged to have "punched the accelerator" and picked up speed after the officer attempted to stop K.V.'s vehicle by turning on the overhead lights on his squad car. An individual is guilty of fleeing or attempting to elude a peace officer if he "willfully fails or refuses to bring the vehicle to a stop, or who otherwise flees or attempts to elude, in any manner, a pursuing police vehicle or peace officer, when given a visual or audible signal to bring the vehicle to a stop." N.D.C.C. § 39-10-71(1). Section 39-10-71(2)(a), N.D.C.C., states, "A signal complies with this section if the signal is perceptible to the driver and: a. If given from a vehicle, the signal is given by hand, voice, emergency light, or siren, and the stopping vehicle is appropriately marked showing it to be an official police vehicle." The juvenile court found K.V. committed the delinquent act of fleeing or attempting to elude a peace officer in violation of N.D.C.C. § 39-10-71(1).

[¶19] This Court will reverse a conviction on the ground of insufficient evidence only if, after viewing the evidence and all reasonable inferences in the light most favorable to the judgment, no rational factfinder could find the defendant guilty beyond a reasonable doubt. *See Interest of L.B.B.*, 2005 ND 220, ¶ 10, 707 N.W.2d 469; *State v. Poulor*, 2019 ND 215, ¶ 23, 932 N.W.2d 534. The court received evidence K.V. was

driving the vehicle and committed the offense of fleeing or attempting to elude a peace officer. Officer Khalifa testified she saw K.V. enter the driver's side of the red pickup, and she directed Officer Johnson to make a stop because she was not in a marked vehicle. Johnson testified he saw the vehicle go through three stop signs, heard its engine rev, and go 60-65 miles per hour on a residential street. He also testified he saw a larger statured person in the passenger seat and a smaller person driving the vehicle. Circumstantial evidence also indicated K.V. was the driver. Another witness later saw K.V. driving and the witness's cousin in the passenger seat. The cousin appeared in court and the juvenile court commented on his appearance stating, "[t]he Court knows [he] is a very large guy." The juvenile court's finding K.V. committed the delinquent act of fleeing or attempting to elude a peace officer is supported by the evidence and, therefore, is not clearly erroneous.

V

[¶20] The appellants argue K.V. was improperly charged under subsection (2) of N.D.C.C. § 39-08-03 because the rate of speed was the essential component of the reckless driving charge. The appellants argue the juvenile court findings did not support *probable cause*, let alone provide proof beyond a reasonable doubt, because no evidence proved the actual rate of speed the pickup was travelling.

[¶21] The appellant's argument distorts the standard of review, which is whether the court's findings are clearly erroneous. *In re D.O.*, 2013 ND 247, ¶ 6, 840 N.W.2d 641 (citing *Interest of R.A.*, 2011 ND 119, ¶ 4, 799 N.W.2d 332 (quoting *Interest of A.R.*, 2010 ND 84, ¶ 5, 781 N.W.2d 644)). Instead of addressing this standard, the appellants attempt to have this Court decide whether Officer Johnson's testimony about the vehicle speed provided reasonable suspicion to stop a vehicle. *See United States v. Gaffney*, 789 F.3d 866, 868-69 (8th Cir. 2015) (The issue was whether an officer's visual estimate of speed was objectively reasonable to furnish either probable cause or reasonable suspicion to stop a vehicle and not whether the evidence supports the officer's belief Gaffney was travelling at 50-55 mph.); *See also United States v.*

7

*Sowards*, 690 F.3d 583, 591 (4th Cir. 2012) ("there must be sufficient *indicia* of reliability for a court to credit as reasonable an officer's visual estimate of speed.").

[¶22] K.V. was charged with committing the delinquent act of reckless driving in violation of N.D.C.C. § 39-08-03(2). K.V. allegedly ran three stop signs, refused to stop the vehicle after a police officer turned on the overhead lights on his squad car, and picked up speed and drove approximately 65 miles per hour through a residential area. An individual is guilty of reckless driving under N.D.C.C. § 39-08-03(2) if he drives "[w]ithout due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another." The juvenile court found K.V. committed the delinquent act of reckless driving.

[¶23] The question here is whether the juvenile court was clearly erroneous in finding K.V. was driving recklessly, and not whether K.V. was driving a certain speed. Section 39-08-03(2), N.D.C.C., states,

> "Any person is guilty of reckless driving if the person drives a vehicle:
> . . . .
> 2. Without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another."

[¶24] Under the statute, speed is not the only factor when considering whether a person is driving recklessly. The statute prohibits driving "at a speed *or* in a manner so as to endanger . . . any person. . . ." (Emphasis added.) The juvenile court did not merely rely on the speed estimate when it found K.V. drove recklessly. The juvenile court also found K.V. drove through three stop signs, he refused to stop after the officer activated his overhead lights, and the officer was unable to continue pursuing the vehicle due to safety concerns. Based on this record, the juvenile court's finding K.V. committed reckless driving is supported by sufficient evidence and, therefore, is not clearly erroneous.

8

VI

[¶25] The juvenile court was not clearly erroneous in finding that K.V. committed the delinquent acts of fleeing or attempting to elude a peace officer and that K.V. committed the delinquent act of reckless driving. This Court affirms the juvenile court order finding K.V. committed the delinquent acts of fleeing or attempting to elude a peace officer and reckless driving.

[¶26] Insufficient evidence supports finding K.V. committed criminal trespass in violation of N.D.C.C. § 12.1-22-03(3)(b). The juvenile court's order finding K.V. committed the delinquent act of criminal trespass is reversed and the case is remanded for entry of an appropriate order consistent with this opinion.

[¶27] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.